91 A.3d 44

COMMONWEALTH of Pennsylvania, Appellant

v.

Wesley Alfonso SPENCE, Appellee.

Supreme Court of Pennsylvania.

Submitted Nov. 19, 2013.

Decided April 28, 2014.

John Francis X. Reilly, Esq., John Joseph Whelan, Esq., Delaware County District Attorney's Office, for Commonwealth of Pennsylvania.

Robert Frederick Datner, Esq., Robert F. Datner, P.C., Philadelphia, for Wesley Alfonso Spence.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.

## *OPINION*

Justice McCAFFERY.

In the late afternoon of March 4, 2008, a high school student ("the arrestee") was involved in a traffic stop in Delaware County and was subsequently arrested for illegal possession of prescription drugs. Later that evening at the Media Barracks, Pennsylvania State Trooper Scott J. Miscannon met with the arrestee, who quickly agreed to become a confidential informant.[1] The trooper proposed that the arrestee engage in a controlled buy in order to inculpate the arrestee's drug supplier. The arrestee agreed to participate and identified Appellee as his dealer named "Wes," provided a description of Wes's appearance and his automobile, and indicated he could contact Wes via cell phone. The arrestee thereafter gave his cell phone to Trooper Miscannon, who dialed Appellee's telephone number and then returned the phone to the arrestee. At Trooper Miscannon's direction, the arrestee activated the speaker function on the phone and engaged in two calls with Appellee in order to arrange an immediate drug transaction at a convenience store. A half hour later, troopers arrested

1. The identity of this individual has remained confidential.

Appellee at the convenience store and recovered 54 tablets of various prescription drugs from his person.

The Commonwealth charged Appellee with three counts each of possession of a controlled substance, possession with intent to manufacture or deliver a controlled substance, and possession of drug paraphernalia. After certain procedural delays, Appellee filed a motion to suppress the entirety of the evidence against him based upon alleged violation of the Wiretapping and Electronic Surveillance Control Act ("the Act"). Specifically, Appellee argued that Trooper Miscannon's conduct in placing the call, his directing the arrestee to activate the speaker feature of the cell phone and to use coded language, and his listening in on the conversation constituted an unlawful interception of the conversation between Appellee and the arrestee. In opposition to the motion, the Commonwealth argued that a cell phone does not constitute a "device" within the meaning of the Act because the Act specifically excludes a telephone furnished by a service provider from the definition of a "device." Following a hearing, the trial court granted the motion to suppress,[2] and the Commonwealth appealed to Superior Court.

In a unanimous, unpublished memorandum opinion, the Superior Court affirmed the suppression of the evidence. Reviewing the Act's definitions of "intercept[ion]" and "device," the court rejected the Commonwealth's argument that the cell phone did not fall within the definition of a "device" under the Act. While the court agreed that the cell phone was not a device with respect to the arrestee, it opined that the phone was nevertheless a device with respect to Trooper Miscannon because the service provider had not furnished it to him. Accordingly, the court concluded that Trooper Miscannon's dialing, direction to place the call on speaker mode, and listening to the conversation constituted his use of the arrestee's cell phone, and, because the trooper was not a furnished

---

2. Prior to the granting of the instant motion, a previous motion to suppress, not based upon the Wiretapping and Electronic Surveillance Control Act, had been denied and trial had commenced. The trial ended in a mistrial, and defense counsel then raised the provisions of the Act as a basis for suppression.

"subscriber or user" of the cell phone, this use was an unlawful interception under the provisions of the Act.[3]

This Court granted review of the following question:

Did a state trooper violate the Wiretap Act when he listened through the speaker on an informant's cellular telephone as the informant arranged a drug deal with the defendant?

*Commonwealth v. Spence*, 620 Pa. 50, 65 A.3d 913 (2013).

The Wiretap Act provides for exclusion of evidence derived from intentional interception of a "wire, electronic or oral communication" without prior approval under procedures not employed in the present case. 18 Pa.C.S. §§ 5703, 5721.1. The Act defines "intercept[ion]" as the "acquisition of the contents of [such] communication through the use of any electronic, mechanical, or other device." 18 Pa.C.S. § 5702. The definition of "electronic, mechanical, or other device", in pertinent part, is as follows:

"**Any device** or apparatus … that can be used to intercept a communication **other than** … (1) **Any telephone** … or any component thereof, **furnished to the subscriber or user** by a provider of wire or electronic communication service in the ordinary course of its business…."

18 Pa.C.S. § 5702 (emphasis supplied).[4]

The Commonwealth challenges the Superior Court's conclusion that the cell phone was not a "device" with respect to the

---

**3.** The Superior Court relied, in part, upon its decision in *Commonwealth v. Cruttenden*, 976 A.2d 1176 (Pa.Super.2009), reversed, 619 Pa. 123, 58 A.3d 95 (2012). The Superior Court in *Cruttenden* held that an officer engaging in communications via text message had "intercepted" those communications within the meaning of the Act because he had posed as the owner of the phone. While this Court reversed that holding, our opinion in *Cruttenden* does not resolve the question presented in the instant matter because here, the Commonwealth challenges the Superior Court's conclusion that a cell phone sold in the ordinary course of business is not a "device" under the Act.

**4.** In interpreting a prior version of the Act to conclude that it prohibited a police officer from listening to a telephone conversation on an extension phone, this Court based its decision upon the then-extant definition of "intercept." *Commonwealth v. Brachbill*, 520 Pa. 533, 555 A.2d 82, 86–89 (1989). Given the subsequent change in the statutory

arrestee, yet nevertheless was a "device" with respect to Trooper Miscannon because the cell phone was not furnished to the trooper by the carrier. The Commonwealth argues that the trooper did not violate the Wieretap Act when he listened to an informant use his own cellular telephone, with the speaker activated, to arrange a drug transaction with Appellee. Because a telephone is specifically excluded as a device under the Act, the Commonwealth argues that the arrestee's cell phone fits plainly within the exception because it was furnished to the arrestee, a subscriber, by the service provider. The Commonwealth argues that Trooper Miscannon's conduct did not change the fact that the phone had been furnished to the arrestee. *Ergo,* because the cellular telephone was not a "device," the trooper did not "intercept" the communication.

Appellee argues that the arrestee did not actually consent to the trooper's eavesdropping on the telephone conversation between the arrestee and the Appellee, and therefore that the Wiretap Act was violated. Appellee argues further that the Wiretap Act does not provide an exemption pursuant to Section 5702 for the circumstance involved here, where the trooper dialed a number and directed the arrestee to arrange a drug purchase over the phone, while the trooper eavesdropped on the phone conversation.

 Statutory interpretation is a matter of law, and our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Wright,* 609 Pa. 22, 14 A.3d 798, 814 (2011). Under the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501 *et seq.,* our paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review. The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). Generally, the best indication of the General Assembly's intent may be found in the plain language of the statute. *Wright, supra* at 814.

definitional language, the decision in *Brachbill* neither controls nor assists in our resolution of the question presented in the instant matter.

■ Analyzing the statutory language employed by the General Assembly in the definitional portion of the Wiretap Act, we see no basis upon which to categorize the arrestee's cell phone as a device with respect to him, but not as a device with respect to the Commonwealth. The intent of the General Assembly may be discerned from the plain language of the words employed in the statute. The cell phone over which the trooper heard the conversations between the arrestee and Appellee clearly was a telephone furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business. The language of the statute states that telephones are exempt from the definition of device; the language of the statute does not state that it is the **use** to which the telephone is being put which determines if it is considered a device. We reject the statement by the Superior Court, that only **certain uses** of a telephone may exempt the telephone from being considered a device, as being contrary to the plain language contained in the definitional section of the Wiretap Act. *See* Memorandum Opinion at 12 (emphasis in original). Accordingly, we hold that a state trooper does not violate the Wiretap Act when he listens through the speaker on an informant's cellular telephone as the informant arranges a drug deal.

Order reversed. Case remanded for proceedings not inconsistent with this Opinion.

Chief Justice CASTILLE and Justices SAYLOR, EAKIN, BAER, TODD, STEVENS join the opinion.