J-S11018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRENCE M. LEWIS | |
| Appellant | No. 220 EDA 2015 |

Appeal from the PCRA Order December 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009629-2008

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                              **FILED MAY 03, 2016**

Terrence M. Lewis appeals from the order entered December 18, 2014, in the Court of Common Pleas of Philadelphia County, that dismissed, without a hearing, his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541–9546.  Lewis seeks PCRA relief from the judgment of sentence of 10 to 20 years' incarceration, imposed after a jury convicted him of possession with intent to deliver a controlled substance.[1]  We affirm on the basis of the PCRA court's opinion.

The PCRA court has fully set forth the facts and procedural history in its opinion filed in support of its order.[2]  *See* PCRA Opinion, 4/1/2015, at 1–

---

[1] 35 P.S. § 780-113(a)(30).

[2] We note that the PCRA court did not direct Lewis to file a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

4. Lewis contends that the PCRA court erred in dismissing his claim that trial counsel was ineffective in failing to litigate a motion to suppress evidence based upon a violation of the Wiretapping and Electronic Surveillance Control Act ("Wiretap Act").[3]  Police apprehended Lewis with the help of a confidential informant (CI).  Lewis alleges police violated the Wiretap Act by listening to the cell phone conversation between him and the CI.

The PCRA court has provided a thorough and well reasoned discussion in support of its decision.  **See** PCRA Court Opinion, 4/1/2015, at 4–8 (explaining:  (1) The facts of the case at bar are virtually identical to **Commonwealth v. Spence**, 91 A.3d 44, 47 (Pa. 2014), wherein the Pennsylvania Supreme Court held that "a state trooper does not violate the Wiretap Act when he listens through the speaker on an informant's cellular telephone as the informant arranges a drug deal"; (2) **Spence** is controlling in the present case; (3) Lewis's argument that **Spence** is not controlling because that decision did not answer "several questions" regarding the specific origins of the CI's phone fails, as none of these questions are relevant; and (4) Trial counsel is not ineffective for failing to make a frivolous argument.)  We agree with the PCRA court that **Spence** is directly on point and, as such, Lewis's ineffectiveness claim is completely meritless.

---

[3] 18 Pa.C.S. §§ 5701–5782.

Accordingly, we adopt the PCRA court's sound opinion as dispositive of this appeal.[4]

Order affirmed. Motion to Strike Appellee's Brief or, In the Alternative, to Accept Attached Reply Brief is granted in part and denied in part. The motion to strike Appellee's Brief is denied; the motion to accept Lewis's reply brief is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2016

---

[4] We direct the parties to attach a copy of the PCRA court opinion in the event of further proceedings in this matter.

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH | : | CP-51-CR-0009629-2008 |
| | : | |
| vs. | : | |
| | : | |
| | : | SUPERIOR COURT |
| TERRENCE LEWIS | : | 220 EDA 2009 15 |

OPINION

BRINKLEY, J.                                                     APRIL 1, 2015

Defendant Terrence Lewis filed a petition for relief pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* (eff. Jan. 16, 1996), claiming ineffective

assistance of counsel. After independent review of Defendant's counseled Amended Petition and

Memorandum of Law; the Commonwealth's Motion to Dismiss and Supplemental Motion to

Dismiss; and Defendant's Reply to Commonwealth's Supplement, this Court dismissed his

petition as without merit. Defendant appealed this dismissal to the Superior Court. In this

1925(a) Opinion, this Court will address the following issue: whether the PCRA court properly

dismissed Defendant's PCRA petition as untimely and without merit. This Court's dismissal

should be affirmed.

Background

On July 1, 2008, Defendant was arrested and charged with possession with intent to

deliver a controlled substance (PWID) after he sold nine ounces of cocaine to an undercover

police officer. This Court summarized the facts in its trial court opinion as follows:

On July 1, 2008, Miscannon met with a confidential informant (CI), who told him about a mid-to-upper level drug trafficker in Philadelphia named Terrence Lewis (Defendant), who dealt in up to nine ounces of cocaine and that he had purchased drugs from this person in the past. The CI described this man as a black male, approximately 25 years old, and that he drove a silver Dodge Ram truck or a green Lincoln Town Car. Based upon this information, Miscannon instructed the CI to call Defendant and order 4.5 ounces of "hard" (crack cocaine) and 4.5 ounces of "soft" (powder cocaine), for a total of nine ounces. The CI did so using speakerphone and they settled on a price of $8000 for these drugs. Miscannon then called State Trooper Javier Garcia and instructed him to proceed undercover with the CI to purchase the drugs. The CI and Defendant engaged in several more phone calls while deciding where to meet. Miscannon testified that the CI always had the phone on "speaker" and he recognized the same voice on the other end each time.

The CI and Defendant finally agreed to meet in a Pathmark Parking Lot at the intersection of Monument and Ford Road. Miscannon followed the CI and Garcia to that location in an unmarked police vehicle. At approximately 4:10 p.m., he saw Defendant arrive in a silver Dodge Ram pickup truck and pull up alongside the CI and Garcia's car. Defendant then drove to the intersection of Media and 60th Street, followed by the CI and Garcia in their own car. Miscannon remained in an unmarked police vehicle parked around the corner so that he could conduct surveillance. Approximately two minutes later, he observed Defendant walk onto the 1400 block of Redfield Street. He lost sight of Defendant for approximately 8-10 minutes when he entered and exited a residence, and then stopped to talk with an individual in a black Jeep.

After receiving the pre-determined takedown signal from Garcia, Miscannon proceeded to where Garcia and the CI were located and arrested Defendant from inside the backseat of an undercover police vehicle. From Defendant's person, he recovered $6,310 and two cell phones. Miscannon called the phone number the CI had been using to communication with Defendant, and one of the cell phones rang. After Defendant was in custody, Garcia gave Miscannon a clear plastic bag filled with 4.5 ounces of powder cocaine, which Garcia had received from Defendant.

(Commonwealth v. Lewis, Unpublished Trial Ct. Opinion, Brinkley, J., 2547 EDA 2009, at 4-5).

On February 18-19, 2009, this Court conducted a trial in the presence of a jury. Defendant was represented at trial by D. Louis Nicholson, Esquire. On February 18, 2009, defense counsel litigated a motion to suppress all physical evidence recovered from Defendant at the time of his arrest. This motion was denied. On February 20, 2009, the jury found Defendant guilty of PWID. On April 16, 2009, Defendant was sentenced to 10 to 20 years state incarceration. On April 21, 2009, defense counsel filed post-sentence motions, requesting a new trial and/or a reconsideration of sentence. These motions were denied by operation of law on August 21, 2009.

On August 27, 2009, Defendant's appellate counsel, Jack McMahon, Esquire, filed a Notice of Appeal to Superior Court. On March 23, 2011, the Superior Court affirmed the judgment of guilt but remanded the matter for resentencing. After reargument on May 26, 2011, the Superior Court withdrew its prior ruling, and on February 29, 2012 issued a second opinion, this time affirming both judgment of guilt and sentence. Defendant did not seek review by the Pennsylvania Supreme Court.

On October 10, 2012, Defendant filed a *pro se* PCRA petition. He filed an amended *pro se* petition on June 4, 2013. On July 1, 2013, Todd Mosser, Esquire was appointed as PCRA counsel. Mr. Mosser filed an amended PCRA petition on January 16, 2014. On April 14, 2014, the Commonwealth filed a Motion to Dismiss. The Commonwealth filed a Supplement to its Motion to Dismiss on April 30, 2014. On November 19, 2014, this Court sent Defendant a Notice Pursuant to Rule 907, indicating that his petition would be dismissed as meritless. Defendant filed a *pro se* response to this Notice on December 3, 2014. On December 18, 2014, this Court dismissed without hearing Defendant's PCRA petition, finding his claim of ineffective

3

assistance of counsel to be without merit. On January 12, 2015, Defendant filed a Notice of Appeal to the Superior Court.

## Discussion

This Court properly dismissed Defendant's PCRA petition as without merit. After denial of PCRA relief, the appellate court's standard and scope of review is limited to whether the PCRA court's findings are supported by the record and free from legal error. Commonwealth v. Edmiston, 619 Pa. 549, 559 (2013) (citing Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001)). The review of questions of law is *de novo*. Id. (citing Commonwealth v. Fahy, 598 Pa. 584, 959 A.2d 312, 316 (2008)).

In his amended PCRA petition, Defendant claims that trial counsel was ineffective for failing to file a motion to suppress all evidence gathered by Trooper Miscannon through allegedly "illegally intercepted" phone calls. Specifically, he claims that the CI's use of his cell phone's speakerphone feature while setting up a drug sale in the presence of Trooper Miscannon was a violation of the Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S.A. § 5701, *et seq.* ("Wiretap Act"). This claim is without merit and no relief is due.

### A. Ineffective Assistance of Counsel

In order to demonstrate ineffective assistance of counsel, the defendant must plead and prove both that his "counsel's performance was deficient" and that the "deficient performance prejudiced the defense." Commonwealth v. Reaves, 592 Pa. 134, 923 A.2d 1119, 1124 (2007) (quoting Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975 (1987)). Specifically, a PCRA petitioner must prove the following: "(1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and

4

omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." Commonwealth v. Bath, 2006 PA Super. 235, 907 A.2d 619, 622 (2006) (quoting Commonwealth v. Kimball, 555 Pa. 299, 724 A.2d 326, 333 (1999)). The failure to satisfy any prong of this test will cause the entire claim to fail. Bath, 907 A.2d at 622 (citing Commonwealth v. Bridges, 584 Pa. 589, 886 A.2d 1127, 1131 (2005)); see also Commonwealth v. Harris, 578 Pa. 377, 852 A.2d 1168, 1173 (2004) ("where an appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone").

B. Trooper Miscannon did not violate the Wiretap Act when he listened to the CI's conversation with Defendant via a cell phone's speakerphone feature.

Defendant's ineffective assistance of counsel claim based upon the use of the speakerphone feature on the CI's cell phone so that Trooper Miscannon could listen to the CI's conversation with Defendant was not a violation of the Wiretap Act. Pursuant to 18 Pa.C.S. §5703, a person is guilty of violating the Wiretap Act if he or she "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or oral communication." The Wiretap Act further prohibits the disclosure or use of the content of any communication intercepted in violation of this act. Interception is defined as the "acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa.C.S. § 5702. "Electronic, mechanical or other device" is further defined by the statute as:

> Any device or apparatus, including, but not limited to, an induction coil or a telecommunication identification interception device, that can be used to intercept a wire, electronic or oral communication other than:
>
> (1) Any telephone or telegraph instrument, equipment or facility, or any component thereof, furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business, or furnished by such

5

subscriber or user for connection to the facilities of such service and used in the ordinary course of its business, or being used by a communication common carrier in the ordinary course of its business, or by an investigative or law enforcement officer in the ordinary course of his duties.

18 Pa.C.S.A. § 5702.

Recently, in Commonwealth v. Spence, our Supreme Court considered a matter nearly factually identical to the case at bar. 91 A.3d 44 (2014). In Spence, Pennsylvania State Trooper Miscannon instructed a CI to contact a drug dealer and arrange a drug transaction. Trooper Miscannon dialed the CI's cell phone and instructed the CI to use the speakerphone feature so that he could monitor the conversation. Rejecting the defendant's claim that this violated the Wiretap Act, the Pennsylvania Supreme Court declared, "we hold that a state trooper does not violate the Wiretap Act when he listens through the speaker on an informant's cellular telephone as the informant arranged a drug deal. Spence, *supra* at 47. The Court reasoned:

> [t]he cell phone over which the trooper heard the conversations between the arrestee and Appellee clearly was a telephone furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business. The language of the statutes states that telephones are exempt from the definition of device; the language of the statute does not state that it is the use to which the telephone is being put which determines if it is considered a device.

Id.

The facts in the case at bar are not just analogous, but are virtually identical. Here, Trooper Miscannon was working with a CI, who called Defendant on his cell phone and put the phone on speaker so that Trooper Miscannon could hear the conversation. The Spence court holding unequivocally stated that this was **not** a violation of the Wiretap Act.

In his Memorandum of Law in Opposition to the Commonwealth's Motion to Dismiss and Supplemental Memorandum, Defendant argues that Spence is not controlling because it did

6

not answer "several questions" regarding the specific origins of the CI's cell phone, such as: "(i) was the CI's cellphone 'furnished to the subscribe or user (i.e. the CI) by a provider of wire or electronic communication service?'; (ii) was such furnishment [sic] 'done in the ordinary course of its business?'; and/or (iii) was the cellphone 'furnished by such subscriber or user for connection to the facilities of such service and used in the ordinary course of its business?'." Defendant goes on to posit the following questions regarding the "mysterious" origins of the cell phone: "Was it provided to him/her by an employer? Did it even belong to the CI or was he/she borrowing it? Was the CI's name even on the account? Why was it furnished? Was it furnished 'for connection to the facilities of such service' or was it 'furnished' to take photos with? What is the 'ordinary course of business'?" However, none of these questions are relevant. Defendant offers nothing to show how the answers to these questions would change the Pennsylvania Supreme Court's analysis in Spence. The cell phone did not belong to Trooper Miscannon; it belonged to the CI. The specific manner in which the CI procured the phone was irrelevant for the purposes of this matter. As discussed above, counsel cannot be held ineffective for failing to make a frivolous argument. Since the Pennsylvania Supreme Court held that Trooper Miscannon's actions were lawful and not violative of the Wiretap Act, counsel was not ineffective for failing to put forth this argument. Accordingly, this Court's dismissal of Defendant's PCRA petition as meritless should be affirmed.

7

## CONCLUSION

After review of the applicable statutes, case law and testimony, this Court committed no error. This Court properly dismissed Defendant's PCRA petition as meritless as it was not a violation of the Wiretap Act for Trooper Miscannon to listen to the CI's conversation with Defendant on speakerphone. Accordingly, this Court's dismissal should be affirmed.

BY THE COURT:

_____
J.

8