J. S02008/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN DEALBERTIS, | : | No. 1864 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered May 25, 2018,
in the Court of Common Pleas of Monroe County
Criminal Division at Nos. CP-45-CR-0001029-2016,
CP-45-CR-0002845-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN DEALBERTIS, | : | No. 948 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered May 25, 2018,
in the Court of Common Pleas of Monroe County
Criminal Division at Nos. CP-45-CR-0001029-2016,
CP-45-CR-0002845-2013

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                    **FILED MAY 29, 2019**

John Dealbertis appeals from the May 25, 2018 judgments of sentence

entered by the Court of Common Pleas of Monroe County following his

conviction of criminal use of a communication facility.[1] The trial court appointed the Monroe County Public Defender's Office as counsel for his appeals. Eric C. Closs, Esq., filed an application to withdraw his appearance on November 9, 2018, alleging that the appeals are wholly frivolous, accompanied by an *Anders* brief.[2] After careful review, we grant Attorney Closs's withdrawal application and affirm the judgments of sentence.

The trial court provided the following synopsis of the relevant procedural history:

> On May 21, 2014, [appellant] pled guilty in case No. 2845 Criminal 2013 to Retail Theft[3] as a felony of the third degree. Despite the felony grading and a prior record, [appellant] was sentenced to two years of probation.
>
> In April of 2016, while still on probation, [appellant] was arrested and charged in case No. 1029 Criminal 2016 with Possession With the Intent to Deliver Heroin,[4] related drug charges, and Criminal Use of a Communication Facility. As a result, a probation violation petition was filed.
>
> On May 11, 2016, [appellant] pled guilty in case No. 1029 to Criminal Use of a Communication [F]acility and admitted to violating the terms of his probation in case No. 2845. We entered orders directing that [appellant] be evaluated for the [State Intermediate Punishment ("SIP")] program.

---

[1] 18 Pa.C.S.A. § 7512(a).

[2] *See Anders v. California*, 386 U.S. 738 (1986), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

[3] 18 Pa.C.S.A. § 3929(a).

[4] 35 P.S. § 780-113(a)(30).

The Department of Corrections (DOC) subsequently determined that [appellant] was suitable for SIP. On August 29, 2016, we issued orders sentencing [appellant] in both cases to the program.

[Appellant] did well in the first two phases (in prison treatment immediately followed by two months of treatment in a privately run inpatient facility) of the four-phase program. However, he struggled in the community based third and fourth phases of the program. Specifically, he relapsed and used drugs on three occasions, thereby violating the terms of the program, the last of which occurred while [appellant] was in the fourth and final phase. After the third relapse, the DOC determined that, due to the multiple relapses, [appellant] required inpatient treatment which would have required him to be placed back in phase two. However, [appellant] did not have enough time left to complete inpatient and finish out SIP. Accordingly, the DOC expelled him from the program.

On May 25, 2018, [the trial court] convened a revocation and resentencing hearing. Based on the expulsion, [the trial court] revoked [appellant]'s SIP sentences. Counsel for [appellant] asked that [the trial court] give credit for all time spent in phases one and two of the program and impose a sentence that would make [appellant] immediately eligible for parole. [Appellant] acknowledged his relapses and drug usage, but told the [trial court] that he had gotten a lot out of the program and was a better person now than when he went into SIP. The Commonwealth asked for 15 to 30 months['] incarceration in both cases, to be run consecutively, for an aggregate sentence of 30 to 60 months. After considering the expulsion letter from the DOC, guideline sentencing sheets and a resentencing memorandum prepared by our Probation office, and the history of these cases, including [appellant]'s commission of felony crimes, his violation of probation, his expulsion from the beneficial SIP program, his addiction, and his criminal history, which added up to a prior record score of 3, [the trial

> court] resentenced [appellant] in case No. 1029 to 15 to 30 months, a standard range sentence, and in case No. 2845 to a consecutive period of incarceration of 12 to 24 months,[Footnote 1] for an aggregate sentence of 27 to 54 months.  [The trial court] gave [appellant] time credit of 395 days representing all time spent in the first two phases of the program.
>
>> [Footnote 1] The standard range in case No. 2845 was RS to less than 12 months.  Thus, the individual sentence imposed in that case is technically above the standard range in that it exceeds the top end standard range sentence by one day.  However, the standard range in case No. 1029 is 9 to 16 months.  Thus, the aggregate sentence does not exceed the sum total of the top end of the standard range in each of the two cases.

Trial court opinion, 8/27/18 at 1-3.

Appellant filed a motion to reconsider on June 1, 2018.  On June 4, 2018, the trial court denied appellant's motion to reconsider.  On June 22, 2018, appellant filed notices of appeal to this court.  That same day, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant complied on July 12, 2018.  On August 27, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

On July 22, 2018, this court filed an order directing appellant to show cause why his appeal should not be quashed pursuant to our supreme court's holding in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  The **Walker** court mandated that in cases where "a single order resolves issues

arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Id.* at 971 (footnote omitted). Appellant responded to the rule to show cause on August 1, 2018, averring that he filed two notices of appeal with the trial court. On August 28, 2018, this court entered an order discharging the rule to show cause, deferring the issue to the merits panel.

Here, the record reflects that appellant filed two separate notices of appeal, each containing both trial court docket numbers. Indeed, the trial court's docket sheets for both docket numbers reflect that appellant filed a notice of appeal. As noted by appellant in his response to our order to show cause, the notices of appeal also contain two different time stamps. (*See* appellant's answer to rule to show cause, 8/1/18 at 2, ¶¶ 3-4.) Based on our review of the record, we find that appellant has complied with *Walker*'s mandate that separate notices of appeal be filed in cases where a single order resolves issues on more than one lower court docket.[5] Now that we have determined that quashal is not required under *Walker*, we turn to the merits of appellant's appeal.

---

[5] Appellant filed an application for consolidation which this court denied on August 28, 2018, because we received only one notice of appeal from the trial court. Because appellant filed two separate notices of appeal, we generated a new docket number, 948 EDA 2019, and transferred a copy of all filings from No. 1864 EDA 2018 to No. 948 EDA 2019. On April 5, 2019, this court entered an order *sua sponte* consolidating the appeals at Nos. 1864 EDA 2018 and 948 EDA 2019 pursuant to Pa.R.A.P. 513.

On November 9, 2018, Attorney Close filed a petition in this court to withdraw as counsel and an *Anders* brief, wherein Attorney Close states there are no non-frivolous issues preserved for our review.

> A request by appointed counsel to withdraw pursuant to *Anders* and *Santiago* gives rise to certain requirements and obligations, for both appointed counsel and this Court. *Commonwealth v. Flowers*, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
>>
>>> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>>>
>>> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points

- 6 -

> worthy of this Court's attention.
>
> *Woods*, 939 A.2d at 898 (citations omitted).
>
> There are also requirements as to the precise content of an *Anders* brief:
>
>> [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>>
>> *Santiago*, 978 A.2d at 361.
>
> *Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Closs's petition to withdraw, supporting documentation, and **Anders** brief reveals that he has complied with all of the foregoing requirements.[6] We note that counsel also furnished a copy of the brief to appellant; advised him of his right to retain new counsel, proceed **pro se**, or raise any additional points that he deems worthy of this court's attention; and attached to the **Anders** petition a copy of the letter sent to appellant as required under **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa.Super. 2005) (citation omitted), pursuant to this court's November 20, 2008 order. **See Commonwealth v. Daniels**, 999 A.3d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent."). Appellant did not respond to Attorney Closs's **Anders** brief. As Attorney Closs has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of **Anders**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5, quoting **Commonwealth v.**

---

[6] We note that counsel did not attach a copy of the letter to appellant informing him of his right to either privately retain counsel or proceed **pro se** to his **Anders** brief. On November 20, 2018, this court entered a **per curiam** order directing Attorney Closs to provide a copy of the letter, and Attorney Closs complied.

*McClendon*, 434 A.2d 1185, 1187 (Pa. 1981). Thus, we now turn to the merits of appellant's appeal.

Appellant raises the following issue for our review:

> Whether Appellate Counsel should be permitted to withdraw pursuant to *Anders* and considering the following issues:
>
> a. Whether the lower court entered an excessive sentence?
>
> b. Whether the lower court failed to consider a sentencing alternative?
>
> c. Whether the Appellant should not have been resentenced because he filed a grievance regarding his expulsion from SIP?

*Anders* brief at 4.

Attorney Closs examined the first two issues relating to appellant's sentence and concludes that the appeal is frivolous because the record demonstrates that appellant's sentence was within the standard range of the sentencing guidelines and that the trial court considered sentencing alternatives to incarceration. (*See Anders* brief at 10-15.) Attorney Closs also examined the third issue on appeal relating to whether the trial court erred by resentencing appellant because he filed a grievance concerning his expulsion from the SIP program and concluded that the trial court was not permitted to review the reasons for appellant's expulsion from the SIP program; rather, the court could only make a determination as to whether appellant had been expelled from the SIP program. (*Anders* brief at 15-16;

citing **Commonwealth v. Schultz**, 116 A.3d 1116, 1121 (Pa.Super. 2015); 42 Pa.C.S.A. § 9774(b).)

Although Attorney Close advances no argument in the **Anders** brief with respect to these potential issues, we reiterate that neither **Anders** nor **McClendon** requires counsel to set forth an argument; rather, **Anders** requires counsel to provide references to anything in the record that might arguably support the appeal. **Santiago**, 978 A.2d at 364. Attorney Close has done so. After carefully reviewing the record in this case, we conclude that it supports Attorney Close's assessment that the appeal is frivolous because the record demonstrates that appellant's sentence was not excessive, the trial court considered sentencing alternatives to incarceration, and appellant's third issue is waived on appeal.

Moreover, our independent review of the entire record reveals no non-frivolous claims.

Judgments of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 5/29/19