J-A10020-15

2015 PA Super 106

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PETER J. SCHULTZ, JR. | |
| Appellant | No. 1541 MDA 2014 |

Appeal from the Judgment of Sentence September 4, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000114-2012
CP-54-CR-0000117-2012
CP-54-CR-0000654-2011
CP-54-CR-0000655-2011

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

OPINION BY MUNDY, J.:                                    **FILED MAY 04, 2015**

Appellant, Peter J. Schultz, Jr., appeals from the September 4, 2014 aggregate judgment of sentence of 52 to 104 months' imprisonment, imposed following the revocation of his state intermediate punishment (SIP) sentence.  After careful review, we affirm.

A previous panel of this Court summarized the relevant factual and procedural background of this case as follows.

> The Commonwealth charged Appellant with multiple counts of possession of a controlled substance, possession with intent to deliver, delivery of a controlled substance, and possession of drug paraphernalia at the above-captioned criminal docket numbers.  Appellant entered a negotiated guilty plea, and on May 17, 2012, the trial court imposed a sentence of 24 months of [SIP], with 59 days of

credit for time served dating to March 20, 2012. On March [7], 2014[1], shortly before the 24-month SIP sentence was set to expire, the trial court found Appellant in violation of [his SIP] and therefore ordered him to serve an additional three months.

*Commonwealth v. Schultz*, --- A.3d ---, 580 MDA 2014 (Pa. Super. 2015) (unpublished memorandum at 2) (footnote omitted). Appellant filed a timely notice of appeal, which was docketed in this Court at 580 MDA 2014. On January 27, 2015, this Court vacated the trial court's order and remanded for further proceedings. We held that the trial court lacked jurisdiction to enter its order, as it was done outside the 30-day period for modifications under Section 5505 of the Judicial Code. *Id.* at 4; *see also* 42 Pa.C.S.A. § 5505 (stating, "a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed[]"). Neither party filed a petition for allowance of appeal with our Supreme Court.

Notwithstanding the pendency of Appellant's appeal from its March 7, 2014 order, the trial court conducted another revocation hearing on June 12, 2014. The underlying basis for this hearing was the notification to the trial court by the Department of Corrections (DOC) that it had expelled Appellant

---

[1] This Court explained in our previous memorandum that the trial court's order was not entered onto its docket until March 7, 2014. *Commonwealth v. Schultz*, --- A.3d ---, 580 MDA 2014 (Pa. Super. 2015) (unpublished memorandum at 1 n.1).

from the SIP program. N.T., 6/12/14, at 8. At the conclusion of said hearing, the trial court revoked Appellant's SIP sentence and scheduled a resentencing hearing. *Id.* at 41. On September 4, 2014, the trial court imposed a new aggregate sentence of 52 to 104 months' imprisonment. On September 8, 2014, the trial court entered an order granting Appellant certain credit for time served. On September 15, 2014, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises the following five issues for our review.

1. Whether the [trial court] committed an error of law in concluding that a Commonwealth witness was a custodian of records, thus allowing his testimony to be received and considered under the business records exception to the hearsay rule[?]

2. Whether the [trial court] committed an error of law and/or an abuse of discretion in finding [] Appellant in violation of the requirement of the [SIP] program, and thus before the [trial c]ourt for sentencing, based on hearsay testimony[?]

3. Whether the [trial court] committed an abuse of discretion in allowing the Commonwealth to re-open its case and recall a witness and elicit further testimony after the Commonwealth closed its case and [] Appellant's attorney gave a closing statement[?]

4. Whether the [trial court] committed an error of law and abuse of discretion by allowing the

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Commonwealth to recall a witness and elicit further testimony after the Commonwealth closed its case and [] Appellant's attorney gave a closing statement, the effect of which was to deny [] Appellant his right to counsel by allowing the Commonwealth to fill in the gaps of its case that [] Appellant's counsel had pointed out in a closing argument, thus converting [] Appellant's counsel from an advocate for [] Appellant to an adviser to the Commonwealth[?]

5. Whether the [trial court] committed an error of law in sentencing Appellant on September 4 and 8, 2014 since the evidence demonstrated that [] Appellant had completed the [SIP] program and was properly released[?]

Appellant's Brief at 4.

We elect to address Appellant's first four issues together. In his first two issues, Appellant avers that the trial court erroneously admitted hearsay evidence pursuant to the business records exception. Appellant's Brief at 7-8. In his third and fourth issues, Appellant avers the trial court erred when it granted the Commonwealth's request to reopen the record after Appellant had given his closing argument to the trial court. *Id.* at 8-9. The Commonwealth and the trial court argue that none of these issues merit relief because the evidence proffered was beyond the scope of what the trial court was statutorily permitted to decide at the revocation hearing. Commonwealth's Brief at 8; Trial Court Opinion, 11/6/14, at 6. We begin by noting our well-settled standard of review regarding these issues.

The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that

- 4 -

> discretion, and resulting prejudice, constitutes reversible error. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. Furthermore, if in reaching a conclusion the trial court over-rides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Fischere*, 70 A.3d 1270, 1275 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citations omitted), *appeal denied*, 83 A.3d 167 (Pa. 2013). We likewise review a trial court's decision to grant a party's request to reopen the record for an abuse of discretion. *Commonwealth v. Safka*, 95 A.3d 304, 309 (Pa. Super. 2014), *appeal granted in part*, 104 A.3d 525 (Pa. 2014).

Here, the testimony that Appellant objects to in his first four issues was from Jerome Koerner, a SIP Coordinator with the DOC. On appeal, Appellant objects to the parts of Koerner's testimony pertaining to the three underlying violations that caused Appellant to be expelled from the program. Appellant's Brief at 7. Appellant also objects to the trial court allowing the Commonwealth to reopen the record to introduce evidence of additional violations of the program that occurred before the trial court's March 5, 2014 modification order, which was the subject of the appeal at 580 MDA 2014. *Id.* at 8.

This Court has previously explained the purpose of the SIP program in the following terms.

The legislature enacted SIP in November 2004. SIP is a two-year program designed to benefit persons with drug and alcohol problems. In order to be eligible for the SIP program, a defendant cannot have a history of present or past violent behavior and the [DOC] must determine that the defendant is in need of drug and alcohol treatment.

***Commonwealth v. Kuykendall***, 2 A.3d 559, 560 (Pa. Super. 2010) (internal citation omitted). The governing statutes state that the DOC is charged with promulgating regulations regarding the administration of the SIP program. 61 Pa.C.S.A. § 4106. This includes regulations governing a participant's expulsion from the program. ***Id.*** Section 4105(f) also pertains to expulsion from the SIP program, and provides as follows.

**§ 4105. Drug offender treatment program**

**(a) Establishment.**--The department shall establish and administer a drug offender treatment program as a State intermediate punishment. The program shall be designed to address the individually assessed drug and alcohol abuse and addiction needs of a participant and shall address other issues essential to the participant's successful reintegration into the community, including, but not limited to, educational and employment issues.

…

**(f) Expulsion from program.**--

(1) A participant may be expelled from the drug offender treatment program at any time in accordance with guidelines established by the department, including failure to comply with administrative or disciplinary procedures or requirements set forth by the department.

(2) The department shall promptly notify the court, the defendant, the attorney for the Commonwealth and the commission of the expulsion of a participant from the drug offender treatment program and the reason for such expulsion. The participant shall be housed in a State correctional institution or county jail pending action by the court.

(3) The court shall schedule a prompt State intermediate punishment revocation hearing pursuant to 42 Pa.C.S. § 9774 (relating to revocation of State intermediate punishment sentence).

*Id.* § 4105. Furthermore, Section 9774 of the Sentencing Code, referenced in Section 4105(f)(3) above, states as follows.

**§ 9774. Revocation of State intermediate punishment sentence**

**(a) General rule.**--The court may at any time terminate a sentence of State intermediate punishment pursuant to 61 Pa.C.S. Ch. 41 (relating to State intermediate punishment).

**(b) Revocation.--**The court shall revoke a sentence of State intermediate punishment if after a hearing it determines that the participant **was expelled from** or failed to complete the program.

**(c) Proceedings upon revocation.--**Upon revocation of a State intermediate punishment sentence, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. The attorney for the Commonwealth must file notice, at any time prior to resentencing, of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

42 Pa.C.S.A. § 9774 (emphasis added).

In addition, when analyzing statutory text, we note the following.

> "Under the Statutory Construction Act of 1972, … our paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review." *Commonwealth v. Spence*, 91 A.3d 44, 46 (Pa. 2014) (citation omitted). "We are mindful that the object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly … and the best indication of the legislature's intent is the plain language of the statute." *Commonwealth v. Walter*, 93 A.3d 442, 450 (Pa. 2014) (citation omitted). "When the words of a statute are clear and unambiguous, we may not go beyond the plain meaning of the language of the statute under the pretext of pursuing its spirit." *Id., citing* 1 Pa.C.S.A. § 1921(b). However, only "when the words of the statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly through considerations of the various factors found in Section 1921(c) of the [Statutory Construction Act]." *Id.* at 450–451, *citing* 1 Pa.C.S.A. § 1921(c).

*In re D.M.W.*, 102 A.3d 492, 494 (Pa. Super. 2014).

In considering the statutes listed above, we conclude their text is unambiguous. Section 4105(a) requires the DOC to "establish and administer a drug offender treatment program as a [SIP]." 61 Pa.C.S.A. § 4105(a). The DOC is also statutorily tasked with "develop[ing] written guidelines for participant selection criteria and the establishment of drug offender treatment program selection committees within each diagnostic and classification center of the department and shall address suspensions and **expulsions** from the drug offender treatment program." *Id.* § 4106 (emphasis added). Section 4105(f)(1) vests solely in the DOC the decision

of "expel[ling a participant] from the drug offender treatment program at any time in accordance with guidelines established by the department." *Id.* § 4105(f)(1). The DOC is required to "promptly notify the court, the defendant, the attorney for the Commonwealth and the [Pennsylvania Commission on Sentencing] of the expulsion of a participant from the drug offender treatment program and the reason for such expulsion." *Id.* § 4105(f)(2). The trial court is required to conduct a revocation hearing under Section 4105(f)(3) and "determine [whether] the participant **was expelled from** or failed to complete the program." 42 Pa.C.S.A. § 9774(b) (emphasis added).

The plain text of Section 9774(b), coupled with the General Assembly's use of past tense, reveal that when addressing a revocation under Section 9774(b) the trial court is limited to the question of whether the DOC expelled the defendant from the program, or whether the defendant failed to complete the same. *Id.* The trial court is not required, or even legally permitted, to act in an appellate capacity and decide for itself *de novo* whether Appellant actually violated the terms of the SIP program. Had the General Assembly wished for the trial court to conduct such an inquiry, it would have used different language in the text of Section 9774(b), directing or authorizing it to do so. Conversely, Section 9774(b) in its present form only requires the Commonwealth to prove the fact of expulsion or non-completion. Once the trial court finds this fact, it is required to revoke under

- 9 -

Section 9774(b). *See id.* (stating, "[t]he [trial] court **shall** revoke a sentence"); *Koken v. Reliance Ins. Co.*, 893 A.2d 70, 81 (Pa. 2006) (stating, "the term shall is mandatory for purposes of statutory construction when a statute is unambiguous[]") (internal quotation marks and citation omitted). It is legally irrelevant to the issue before the trial court **what the reasons** for Appellant's expulsion were. Such a determination is the province of the DOC and was already made internally before the trial court conducted its revocation hearing.

Applying this framework to the instant case, we agree with the Commonwealth that the testimony Appellant objected to was legally irrelevant to the question of whether Appellant was actually expelled from the SIP program by the DOC. Here, as noted above, all four of Appellant's issues pertain to testimony from Koerner concerning the particular violations that led to Appellant's expulsion from the SIP program. Appellant's Brief at 7-9. However, as we have explained, this was not the question that the trial court was charged with deciding. In addition, Appellant conceded twice on the record that the DOC did in fact expel him from the program.

> [Trial Court]:     Well, the Court is going to conduct a hearing today and allow the testimony of the Commonwealth. Apparently [the Commonwealth] subpoenaed a witness to be here, and the witness is present?
>
> [Commonwealth]:     Yes, Your Honor.
>
> [Trial Court]:     Who is that?

- 10 -

[Commonwealth]: It's Jerome Koerner from [the DOC], Your Honor.

[Trial Court]: Do[es Appellant] have any objection to that?

[Defense Counsel]: I don't have any objection, I suppose, simply because the practical reality here is … [t]he [SIP] Program **has evidently told him he's not welcome back** in it, so he's sort of in a state of limbo right now. I don't know what could conceivably happen if Your Honor didn't do something here today, because the [SIP] Program won't take him in; so I don't know where that would leave him. He's got to go somewhere as a result of today.

…

[Defense Counsel]: … I would like to make a closing argument on my client's behalf.

[Trial Court]: Yes, you may. I am going to - - after that, I will set up a sentencing date as you suggested.

[Defense Counsel]: Thank you. Your Honor, I understand that practical reality as I said at the outset of this hearing is that he cannot get back into the SIP program because **they have excluded him**. Even if Your Honor wanted to put him back in, they won't take him. I understand that.

…

N.T., 6/12/14, at 8-9, 29 (emphases added). As the sole fact to be proven at the Section 9774(b) hearing was conceded by Appellant, we agree with the Commonwealth and the trial court that any errors in the admission of Koerner's testimony concerning the underlying SIP program violations were harmless, as said testimony was legally irrelevant for the purposes of the

- 11 -

revocation hearing. As a result, Appellant is not entitled to relief on his first four issues.

In his fifth issue, Appellant argues that the trial court erred in imposing a new judgment of sentence on September 4, 2014, when he had already completed the SIP program. Appellant's Brief at 4. Before we may address the merits of this claim, we must first determine whether it is previously litigated as law of the case.[3] This Court has previously explained the law of the case doctrine in the following terms.

> The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter…. The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy … but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

---

[3] We note that we could deem Appellant's issue waived for lack of a developed argument in his brief. **See** Pa.R.A.P. 2119(a) (stating, "[t]he argument shall be divided into as many parts as there are questions to be argued … followed by such discussion and citation of authorities as are deemed pertinent[]"). However, as we discuss *infra*, we deem this issue previously litigated under the law of the case doctrine. Therefore, we decline to find waiver in this instance. **See id.** at 2101 (stating, "if the defects … in the brief … of the appellant … are substantial, the appeal … **may** be … dismissed[]") (emphasis added).

*Commonwealth v. McCandless*, 880 A.2d 1262, 1267 (Pa. Super. 2005), *appeal dismissed as improvidently granted,* 933 A.2d 650 ([Pa.] 2007) (quoting *Commonwealth v. Starr*, 664 A.2d 1326, 1331 ([Pa.] 1995)). Thus, under the doctrine of the law of the case,

> when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even though convinced it was erroneous. This rule has been adopted and frequently applied in our own State. It is not, however, inflexible. It does not have the finality of the doctrine of *res judicata.* "The prior ruling may have been followed as the law of the case but there is a difference between such adherence and *res judicata;* one directs discretion, and the other supercedes [sic] it and compels judgment. In other words, in one it is a question of power, in the other of submission." The rule of the "law of the case" is one largely of convenience and public policy, both of which are served by stability in judicial decisions, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power.

> [*Id.*] at 1268 … (quoting *Benson v. Benson*, 624 A.2d 644, 647 ([Pa. Super.] 1993)).

*Commonwealth v. Gacobano*, 65 A.3d 416, 419-420 (Pa. Super. 2013) (parallel citations omitted).

In our January 27, 2015 memorandum, this Court "address[ed] Appellant's argument that [this Court] should [have] order[ed] him discharged, inasmuch as the term of sentence [had then] expired." *Schultz*, *supra* at 6. Appellant argued the issue in his brief to this Court.

*See generally* Appellant's Brief, 580 MDA 2014, at 7. Addressing his argument, we concluded that "Appellant failed to complete his SIP sentence successfully by the end of the 24-month term of the sentence." *Id.* at 7. As noted above, Appellant did not seek further review from our Supreme Court. Therefore, the holding by this Court's prior panel constitutes the law of the case as it pertains to Appellant's re-articulation of the issue in the instant appeal. *See Gacobano*, *supra*. Further, Appellant advances no basis for concluding that our adherence to the prior ruling should be "accommodated to the needs of justice" in this case and we perceive none. *Id.* For these reasons, Appellant is not entitled to relief on his last issue.

Based on the foregoing, we conclude all of Appellant's issues are devoid of merit. Accordingly, the trial court's September 4, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2015

- 14 -