J-S63018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT M. MILAZZO | |
| Appellant | No. 429 EDA 2015 |

Appeal from the Judgment of Sentence December 30, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000687-2012

BEFORE:  DONOHUE, J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                **FILED DECEMBER 04, 2015**

Appellant, Robert M. Milazzo, appeals from the December 30, 2014 sentence of nine to twenty-three months' imprisonment, plus restitution in the amount of $153,693.49, following his guilty plea to one count of burglary.[1]  After careful review, we affirm.

The trial court provided the relevant procedural history of this case as follows.

> On May 1[7], 2013, [Appellant] pled guilty to Count I of the criminal information, [b]urglary, graded as a felony of the second degree.  The offense involved the large scale theft of a jewelry store.  On May 1[7], 2013, th[e trial c]ourt sentenced [Appellant] to a term of incarceration for a period of not less than 9 months with a maximum

---

[1] 18 Pa.C.S.A. § 3502(a).

not to exceed 23 months. A restitution hearing was requested and held on August 29, 2013. On November 27, 2013, th[e trial c]ourt ordered [Appellant] to pay restitution to the victim in the amount of $153,693.49. Thereafter, on December 27, 2013, [Appellant] filed his [n]otice of [a]ppeal to the Pennsylvania Superior Court ("Superior Court"). On November 25, 2014, the Superior Court filed a non-precedential decision which remanded this case back to th[e trial c]ourt for resentencing.[2] … [T]he Superior Court remanded the matter back to th[e trial c]ourt because the judgment of sentence failed to specify the exact amount of restitution imposed.

Trial Court Opinion, 3/30/15, at 1-2.[3]

On December 30, 2014, in accordance with the directive of this Court, the trial court re-sentenced Appellant to a period of imprisonment of nine to twenty-three months and to pay restitution in the amount of $153,693.49. On January 9, 2015, Appellant filed a motion to reconsider sentence, and the trial court denied said motion on January 12, 2015. On February 10, 2015, Appellant filed a timely notice of appeal.[4]

_____

[2] **_Commonwealth v. Milazzo_**, 113 A.3d 358 (Pa. Super. 2014) (unpublished memorandum).

[3] The trial court opinion does not contain pagination. For ease of reference, we have assigned each page a corresponding page number.

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

At the time the trial court re-sentenced Appellant, it imposed the same sentence of imprisonment initially imposed but noted that at the time of re-sentencing, Appellant had served his term of incarceration. Trial Court Order, 12/30/14, at 2. Therefore, the trial court ordered discharge subject
*(Footnote Continued Next Page)*

On appeal, Appellant presents the following issue for our consideration.

> I. Whether the [trial] court erred in imposing an illegal sentence for restitution in an amount not supported by the record?

Appellant's Brief at 4.

We acknowledge, "[a]n appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing." **Commonwealth v. Stradley**, 50 A.3d 769, 771-772 (Pa. Super. 2012) (internal quotation marks and citations omitted). "Issues relating to the legality of a sentence are questions of law[; as a result o]ur standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Gentry**, 101 A.3d 813, 817 (Pa. Super. 2014) (citation omitted). However, before we may proceed to an analysis on the merits, we must first examine whether the law of the case doctrine precludes our review. **See Commonwealth v. Schultz**, 116 A.3d 1116, 1122 (Pa. Super. 2015).

As noted, Appellant filed a notice of appeal from the trial court's original order for restitution on December 27, 2013, and this Court

*(Footnote Continued)* ─────────

to the requirement to pay restitution. **Id.** Appellant only challenges the restitution portion of his sentence.

considered said appeal. In that appeal, Appellant advanced precisely the same issue as he presents in the instant appeal. Specifically, in the prior appeal, Appellant sought review of the following issue "[w]hether the court erred in imposing an illegal sentence for restitution in an amount not supported by the record[?]" ***Milazzo***, ***supra*** at *6, *quoting* Appellant's Brief at 4. The prior panel thoroughly addressed Appellant's argument and concluded "the amount of restitution was supported by the record[.]" ***Id.*** at *8. The panel then remanded this case for the sole purpose of "amend[ing the sentence] to include the amount of restitution awarded on November 27, 2013[, *i.e.*, $153,693.49.]" ***Id.*** at 12. On remand, the trial court re-sentenced Appellant as directed, prompting the current appeal.

Our Supreme Court has articulated the following rules that embody the law of the case doctrine.

> (1) [U]pon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) **upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court**; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor court.

***Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995) (emphasis added). This doctrine is important to our jurisprudence, as its application,

*inter alia*, promotes consistency and uniformity in the law and protects the expectations of the parties. *See id.*

Instantly, Appellant presents the same legal question in the present appeal as the one he advanced in his prior appeal, *i.e.*, whether the record supports the amount of restitution imposed. Upon remand, the trial court re-sentenced Appellant to pay restitution in the exact amount as the amount Appellant complained of in his first appeal, consistent with this Court's prior instruction. Therefore, because the prior panel resolved the identical legal question, we may not disrupt the previously resolved legal conclusion of this Court. [5] *See id*.

Based on the foregoing, we conclude Appellant is not entitled to relief. Accordingly, we affirm the trial court's December 30, 2014 sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2015

---

[5] We note Appellant's argument supporting his claim of error is identical to the one he presented in the prior appeal.