J.S13040/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL J. STEWART, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1387 WDA 2015 |

Appeal from the Judgment of Sentence August 27, 2015
in the Court of Common Pleas of Fayette County Criminal Division
at No(s): CP-26-CR-0001886-2013

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:        **FILED FEBRUARY 24, 2016**

Appellant, Daniel J. Stewart, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas following this Court's directive to the trial court to resentence him without consideration of the mandatory minimum sentence pursuant to 18 Pa.C.S. § 7508.[1] We affirm.

On October 15, 2014, the trial court sentenced Appellant to five to fifteen years' imprisonment following his convictions for possession of a controlled substance[2] and possession with intent to deliver a controlled

---

[*] Former Justice specially assigned to the Superior Court.

[1] In light of **Alleyne v. United States**, 133 S. Ct. 2151 (2013) and subsequent decisions by this Court, Section 7508 is facially unconstitutional. **See Commonwealth v. Fennell**, 105 A.3d 13, 18-20 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015).

[2] 35 Pa.C.S. § 780-113(a)(16).

substance ("PWID").[3]  Appellant timely appealed, and this Court affirmed Appellant's convictions and remanded for the purpose of "resentencing without application of the mandatory minimum" at Section 7508. **Commonwealth v. Stewart**, 1811 WDA 2014, (Pa. Super. June 24, 2015) (unpublished memorandum at *14).  The prior panel analyzed each issue raised by Appellant and concluded (1) the Commonwealth proved beyond a reasonable doubt Appellant possessed cocaine with the intent to deliver; (2) the suppression court did not err in denying Appellant's omnibus pretrial motion to suppress; (3) the testimony of Officer Metros, that there was a white substance where Appellant was seated, was relevant circumstantial evidence that Appellant possessed cocaine; (4) Appellant did not prove he suffered any prejudice from the rebuttal testimony of Officer Thomas O'Barto; and (5) the application of Section 7508's mandatory minimum sentence provision resulted in an illegal sentence.  **See id.** at *5-*14.

On August 27, 2015, the trial court resentenced Appellant to three to nine years' imprisonment.  Appellant filed a timely post-sentence motion on September 3, 2015, which the trial court denied.  On September 10, 2015, Appellant filed a notice of appeal.  Appellant filed a Pa.R.A.P. 1925(b) statement, and the trial court filed a responsive opinion.

Instantly, Appellant's first four issues identified in his Rule 1925(b) statement were addressed by this Court in his prior appeal and found to be

---

[3] 35 Pa.C.S. § 780-113(a)(30).

without merit. *See* Appellant's Rule 1925(b) Statement, 8/16/15, at 1 (unpaginated); *Stewart*, 1811 WDA 2014, at \*5-\*14. Appellant raises a fifth error asserting the trial court erred in resentencing him on August 27, 2015. Appellant's Rule 1925(b) Statement at 1. In Appellant's brief, he identifies this issue in his "statement of questions involved." Appellant's Brief at 7. However, he does not provide any discussion of this issue in any portion of his argument sections.[4] *See generally id.* at 11-23.

> The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. . . . the various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy . . . but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; (5) and to bring litigation to an end.

*Commonwealth v. Gacobano*, 65 A.3d 416, 419-20 (Pa. Super. 2013) (citation omitted). Further, "**when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon**

---

[4] Notably, Appellant argues in his last issue that the case should be remanded in light of his unconstitutional sentence imposed pursuant to Section 7508. Appellant's Brief at 21. The trial court remedied this error by imposing a new sentence on August 27, 2015. To the extent Appellant suggests in his "statement of questions involved" that the trial court erred in imposing his new sentence, such challenge is waived. *See Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014).

**a subsequent appeal on another phase of the case, reverse its previous ruling** even though convinced it was erroneous." ***Commonwealth v. Schultz***, 116 A.3d 1116, 1122 (Pa. Super. 2015) (emphasis added).

In this case, the prior panel considered and resolved every argument Appellant now raises in the instant appeal. ***See*** Appellant's Brief at 11-23; ***Stewart***, 1811 WDA 2014, at *5-*14. Therefore, under the law of the case, we decline to reopen questions decided by this Court. ***See Schultz***, 116 A.3d at 1122; ***Gacobano***, 65 A.3d at 419-20. Based on the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2016