J-S25011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARL E. JOHNSTON, JR. | |
| Appellant | No. 1893 MDA 2018 |

Appeal from the Judgment of Sentence Entered January 8, 2018
In the Court of Common Pleas of Bradford County
Criminal Division at No: CP-08-CR-0000315-2015

BEFORE:  STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:               **FILED NOVEMBER 12, 2019**

Appellant, Carl E. Johnston, Jr., appeals from the judgment of sentence imposing an aggregate 72 to 181 months of incarceration for operating a methamphetamine laboratory, possession of liquefied ammonia gas, possession of a prohibited offensive weapon, and use or possession of an electronic incapacitation device.[1]  We affirm.

Appellant pled guilty to the aforementioned offenses on January 19, 2016, and on May 17, 2016, the trial court sentenced him to 24 months of state intermediate punishment ("SIP").  On October 2, 2017, the Commonwealth charged Appellant with numerous assault and drug offenses.[2]

---

[1]  35 P.S. §§ 780-113.1 and 113.4; 18 Pa.C.S.A. §§ 908 and 908.1.

[2]  The appeal from the resulting convictions is before this Court at docket number 1651 MDA 2018.

As a result, the trial court, at the conclusion of a January 8, 2018 hearing, revoked Appellant's SIP sentence and imposed sentence as set forth above. This timely appeal followed.

Appellant argues that his sentence is illegal because his convictions at §§ 908 and 908.1 of the Crimes Code merge for sentencing purposes. He also argues that the trial court lacked jurisdiction to revoke his SIP sentence on January 8, 2018 because, as of that date, the court had yet to receive a letter from the Pennsylvania Department of Corrections ("DOC") confirming Appellant's expulsion from the SIP program. We will consider these arguments in turn.

The Pennsylvania Judicial Code governs our merger analysis:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. Merger implicates the legality of a sentence. *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013). Accordingly, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Calhoun*, 52 A.3d 281, 284 (Pa. Super. 2012), *appeal denied*, 67 A.3d 793 (Pa. 2013). Section 9765 "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in

the statutory elements of the other." **Tanner**, 61 A.3d at 1046 (quoting

**Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009)).

Appellant's brief fails to explain the criminal act from which his conviction arose, in violation of Pa.R.A.P. 2119(c) ("If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears[.]"). Regardless, a review of the record reveals that Appellant's convictions under §§ 908 and 908.1 arose from the possession of a device that appeared to be a flashlight but operated as a "stun gun." N.T. Suppression, 7/8/15, at 10. It was operational, it is a prohibited offensive weapon in Pennsylvania, and Appellant was forbidden to possess any variety of electronic incapacitation device because of prior convictions. **Id.** at 11. Thus, the record demonstrates that Appellant's convictions under §§ 908 and 908.1 arose from a single criminal act.

Next, we consider the statutory elements of each offense. Section 908, titled "Prohibited offensive weapons," renders unlawful the mere possession of any "stun gun, stun baton, taser or other electronic or electric weapon or other implement for the infliction of serious bodily injury which serves no common lawful purpose." 18 Pa.C.S.A. § 908(c).

Section 908.1, titled "Use or possession of electric or electronic incapacitation device," prohibits the use of an electronic incapacitation device

for an unlawful purpose and/or the possession of such a device with the intent to use it for an unlawful purpose. 18 Pa.C.S.A. § 908.1(a). Section 908.1(d) provides the operative definition:

> As used in this section, the term "electric or electronic incapacitation device" means a portable device which is designed or intended by the manufacturer to be used, offensively or defensively, to temporarily immobilize or incapacitate persons by means of electric pulse or current, including devices operating by means of carbon dioxide propellant. The term does not include cattle prods, electric fences or other electric devices when used in agricultural, animal husbandry or food production activities.

18 Pa.C.S.A. § 908.1(f) (emphasis added). Section 908.1(c) provides that persons prohibited from firearm possession under 18 Pa.C.S.A. § 6105 are also prohibited from possession of an electronic incapacitation device. 18 Pa.C.S.A. § 908.1(c). Appellant pled guilty to a violation of § 908.1(c) in this case, based on his prior criminal record.

We conclude that Appellant's merger argument fails because each statute contains an element the other does not. To obtain a conviction under § 908, the Commonwealth needed to prove that Appellant was in possession of a stun gun, electronic weapon, or other implement for the infliction of serious bodily injury which serves no common lawful purpose. 18 Pa.C.S.A. § 908(c). This definitional element is not present in § 908.1, inasmuch as the two statutes contain distinct definitions of the devices they govern. Section 908 prohibits mere possession of defined offensive weapons, whereas § 908.1 governs defined devices whose possession and use is lawful in some circumstances. Thus, to convict Appellant under § 908.1(c), the

Commonwealth needed to prove he possessed a defined device while he was prohibited from firearm possession under § 6105. The definitional element of subsection (f) and the prohibition under subsection (c) under § 908.1 are absent from § 908. Appellant's convictions therefore do not merge for sentencing purposes.

Appellant, in a short three-paragraph argument, claims that § 908 is a lesser-included offense of § 908.1 in this case because the operative element of § 908—possession of a stun gun—is subsumed with his conviction under § 908.1—possession of a stun gun by a prohibited person. Appellant's Brief at 8. This argument simply ignores the distinct definitions of the devices governed by §§ 908 and 908.1. Furthermore, in pleading guilty to both offenses, Appellant admitted that his device met the definition of an electronic weapon set forth in §§ 908(c) **and** the definition of an electric or electronic incapacitation device set forth in § 908.1(f). The overlap (or perhaps lack thereof) between those two subsections, as applied to electronic weapons or electronic incapacitation devices, is an issue Appellant chose not to litigate in this case.

Next, Appellant argues the trial court lacked jurisdiction to revoke his SIP sentence because DOC had not notified the court of Appellant's expulsion therefrom. Pursuant to 61 Pa.C.S.A. § 4105, the DOC administers SIP, and the DOC is responsible for determining whether to expel a participant.

> **(a) Establishment.**--The department shall establish and administer a drug offender treatment program as a State

intermediate punishment. The program shall be designed to address the individually assessed drug and alcohol abuse and addiction needs of a participant and shall address other issues essential to the participant's successful reintegration into the community, including, but not limited to, educational and employment issues.

[***]

**(f) Expulsion from program.**--

(1) A participant may be expelled from the drug offender treatment program at any time in accordance with guidelines established by the department, including failure to comply with administrative or disciplinary procedures or requirements set forth by the department.

(2) The department shall promptly notify the court, the defendant, the attorney for the Commonwealth and the commission of the expulsion of a participant from the drug offender treatment program and the reason for such expulsion. The participant shall be housed in a State correctional institution or county jail pending action by the court.

(3) The court shall schedule a prompt State intermediate punishment revocation hearing pursuant to 42 Pa.C.S. § 9774 (relating to revocation of State intermediate punishment sentence).

61 Pa.C.S.A. § 4105(a), (f). Under 61 Pa.C.S.A. § 4106, the DOC has authority to pass guidelines to regulate the SIP program, including expulsion therefrom. 61 Pa.C.S.A. § 4106.

As per § 4105(f)(3), the Judicial Code governs revocation of SIP:

**§ 9774. Revocation of State intermediate punishment** sentence

**(a) General rule.**--The court may at any time terminate a sentence of State intermediate punishment pursuant to 61 Pa.C.S. Ch. 41 (relating to State intermediate punishment).

**(b) Revocation.--**The court shall revoke a sentence of State intermediate punishment if after a hearing it determines that the participant was expelled from or failed to complete the program.

**(c) Proceedings upon revocation.--**Upon revocation of a State intermediate punishment sentence, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. The attorney for the Commonwealth must file notice, at any time prior to resentencing, of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

42 Pa.C.S.A. § 9774.

This Court addressed the interplay between § 4105 and § 9774 in ***Commonwealth v. Schultz***, 116 A.3d 1116 (Pa. Super. 2015). We held that § 4105(f)(1) "vests solely in the DOC the decision of 'expel[ling a participant] from the drug offender treatment program at any time in accordance with guidelines established by the department.'" ***Id.*** at 1121 (brackets added in ***Schultz***). Section 4105(f)(2) requires the DOC to provide the trial court with prompt notification of an expulsion. ***Id.*** Section 4105(f)(3), in turn, requires the trial court to schedule a prompt SIP revocation hearing. ***Id.*** The trial court must revoke the SIP sentence in accord with § 9774(b) if, after a hearing, it determines that the DOC expelled the participant.

> The plain text of Section 9774(b), coupled with the General Assembly's use of past tense, reveal that when addressing a revocation under Section 9774(b) the trial court is limited to the question of whether the DOC expelled the defendant from the program, or whether the defendant failed to complete the same. The trial court is not required, or even legally permitted, to act in an appellate capacity and decide for itself *de novo* whether Appellant actually violated the terms of the SIP program. Had the General Assembly wished for the trial court to conduct such an inquiry, it would have used different language in the text of

- 7 -

Section 9774(b), directing or authorizing it to do so. Conversely, Section 9774(b) in its present form only requires the Commonwealth to prove the fact of expulsion or non-completion. Once the trial court finds this fact, it is required to revoke under Section 9774(b).

*Id.*

In **Schultz**, the defendant argued that the trial court erred in admitting the testimony of a DOC witness, inasmuch as the merits of the expulsion decision were not properly before the trial court. As set forth above, we held that the trial court's duty and authority under § 9774(b) is limited to finding whether the DOC expelled the participant. But because defense counsel conceded at the revocation hearing that his client had been expelled, we concluded that any error in the admission of testimony from the DOC witness was harmless. *Id.* at 1122.

Instantly, Appellant claims the trial court lacked jurisdiction to revoke Appellant's SIP sentence because Appellant's expulsion had not occurred by the date of the revocation hearing. Appellant claims the trial court, in conducting a revocation hearing pursuant to § 9774(b) without official notification of expulsion from the DOC, overstepped the bounds of its authority as outlined in **Schultz**.

The revocation transcript reflects the following:

THE COURT: So we have a letter that [Appellant] was expelled from the [SIP] program. Is that correct, the letter from the state?

[THE PROSECUTOR]: I believe he's been expelled, I don't, I believe the court has to resentence.

- 8 -

THE COURT:  Right, that's what I am saying; do we have the letter that he is expelled?  Like, this isn't a hearing; he's already been expelled from [SIP].

[DEFENSE COUNSEL]:  Understood, I don't have a copy of the letter regarding that.  I wasn't his counsel at that point.

THE COURT:  Well we've scheduled it, I am sure that it's been done.

[DEFENSE COUNSEL]:  Well actually, consider this the letter then Your Honor.  I have a copy of one dated October 4, 2017.

[THE PROSECUTOR]:  No, she has a separate petition.

[DEFENSE COUNSEL]:  Okay.

THE COURT:  I guess, I'm just a little confused procedurally, because usually we get a letter that they're expelled, we schedule for resentencing and then I see there's a petition for revocation of [SIP].  But, that part I guess we don't need, it's just the revocation of probation.[3]

[DEFENSE COUNSEL]:  I think I can clear that up then Your Honor, we have a situation where the defense will stipulate that based on discovery received for the new case, there's a probable cause to believe he's committed some of the offenses.  And with that, I believe that the probation consecutive to your probation and if an order is necessary that the [SIP] is revoked and then we need to schedule sentencing, I think that is what we need to do.

THE COURT:  Okay.

[DEFENSE COUNSEL]:  On case number 315 of 2015 [the instant matter].

THE COURT:  Right, and usually what we do, is we do resentencing right now at the time of revocation.  So we will do sentencing today.

---

[3]  The hearing also addressed revocation of a probation sentence from another matter.

[DEFENSE COUNSEL]: Okay.

THE COURT: Okay.

[DEFENSE COUNSEL]: Okay.

N.T. Revocation Hearing, 1/8/18, at 2-3.

In summary, the trial court did not have the DOC's expulsion letter at the SIP revocation hearing. The DOC issued that letter several weeks later, on February 1, 2018. We disagree, however, with Appellant's assertion that the trial court violated our directive in *Shultz* that the court lacks authority to determine whether expulsion is appropriate. The portion of the hearing transcript quoted above reflects that defense counsel did not dispute that Appellant deserved expulsion, and counsel went so far as to offer a document, dated October 4, 2017, that he believed would suffice as notice of Appellant's expulsion. Defense counsel also consented to the trial court's decision to proceed with resentencing.

In *Schultz*, we found no reversible trial court error where defense counsel effectively conceded that the DOC expelled the defendant from SIP:

> I don't have any objection, I suppose, simply because the practical reality here is … [t]he [SIP] Program **has evidently told him he's not welcome back** in it, so he's sort of in a state of limbo right now. I don't know what could conceivably happen if Your Honor didn't do something here today, because the [SIP] program won't take him in[.]

*Schultz*, 116 A.3d at 1122 (emphasis and brackets added in *Schultz*). Thus, in *Schultz*, defense counsel did not object to his client's resentencing. The same is true here. And while defense counsel in the instant case did not go

so far as to say the DOC excluded Appellant, he clearly—and correctly—regarded expulsion as a foregone conclusion.

Under these circumstances, we discern no reversible error in revoking Appellant's SIP sentence and resentencing him. Appellant cites no law for the proposition that the trial court lacked subject matter jurisdiction to revoke Appellant's SIP sentence until it had an official expulsion notification from the DOC. The result in **Schultz** appears to be in tension with Appellant's argument, given that the outcome of that appeal turned on defense counsel's concession, and not on the presence in the record of any document from DOC. Furthermore, a remand for a new revocation hearing in this case seemingly would serve no purpose—and would waste judicial resources—given that the DOC issued its expulsion letter shortly after Appellant's revocation hearing.

For all of the foregoing reasons, we reject Appellant's arguments and affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2019

- 11 -