J-S48045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADLEY DWAYNE MOLCHANY | : | |
| | : | |
| Appellant | : | No. 3321 EDA 2019 |

Appeal from the Order Entered October 24, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000957-2006

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                   Filed: November 25, 2020

Bradley Dwayne Molchany (Appellant) appeals *pro se* from the order[1]

entered in the Lehigh County Court of Common Pleas denying his post-

conviction motion for DNA testing under 42 Pa.C.S. § 9543.1.[2]  We agree with

---

[1] Appellant's notice of appeal purported to appeal from the trial court's order entered October 23, 2019.  However, the order is time-stamped as "filed" on October 24th, and the corresponding docket entry is likewise dated October 24th.  We have amended the caption to reflect the date of the order as October 24, 2019.

[2] This Court has explained:

> Though brought under the general rubric of the [Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546], motions for post-conviction DNA testing are "clearly separate and distinct from claims brought pursuant to other sections of the PCRA."  This Court has consistently held the one-year jurisdictional time bar of the PCRA does not apply to motions for DNA testing under Section

the trial court that Appellant has failed to show identity was an issue in this matter, and has failed to show how DNA testing would produce exculpatory evidence, as required by 42 Pa.C.S. § 9543.1(c)(3)(i)-(ii). Thus, we affirm.

On April 30, 2007, Appellant pleaded *nolo contendere* to aggravated assault and indecent assault of a complainant less than 13 years of age.[3] Although the underlying offenses were committed in 2000, the victim, Appellant's niece, H.S., did not report them to police until 2005.[4] At the plea hearing, the Commonwealth summarized:

> [H.S.] would testify that in June of 2000, she was twelve years old and she was left in the care of [Appellant] when her mother went on a two week vacation[. During this time, Appellant] forced her into a bedroom at knife point, . . . forced her to remove her clothing, tied her hands to her neck, [and] taped her mouth with duct tape [in such a way that] any time she tried to move, she would end up choking herself. She [had] trouble breathing.

---

> 9543.1. Another distinction of motions for DNA testing is that Section 9543.1 does not confer a right to counsel.
>
> Importantly, a motion for post-conviction DNA testing does not constitute a direct exception to the one year time limit for filing a PCRA petition. Instead, it gives a convicted person a vehicle "to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2)."

***Commonwealth v. Williams***, 35 A.3d 44, 50 (Pa. Super. 2011) (citations omitted).

[3] 18 Pa.C.S. §§ 2702(a)(1), 3126(a)(7).

[4] Appellant states the victim is his brother's step-daughter. Appellant's Brief at 3. At the time of the plea hearing, Appellant was 40 years old. N.T., 4/30/07, at 5.

During the assault [Appellant] had sexual intercourse with her[ and] told [H.S.] that he would kill her if she screamed or told anybody about this incident.

[H.S.] indicated that the following night, [Appellant] was intoxicated[ and] told her to go into the bedroom, she refused to go, he picked her up, dragged her into the bedroom, removed her clothing, again tied her hands to her neck with a cord where[,] when she moved her hands, she would end up choking herself, taped her mouth with duct tape and again had intercourse with her. [H.S.] indicated that [Appellant] threatened to kill her if she told anybody this incident.

[Five years later, o]n August 25th of 2005, [Appellant] was interviewed by State Police . . . . [H]e provided a statement indicating that he had sexual intercourse with [H.S.] when she was twelve years old.

N.T., 4/30/07, at 24-27 (paragraph breaks added).

On January 28, 2008, the trial court imposed an aggregate sentence of three to six years' imprisonment, to be followed by four years' probation.[5] The court also found Appellant was a sexually violent predator. N.T., 1/28/08, at 26. He did not take a direct appeal.

_____

[5] Six years thereafter, on November 13, 2014, the trial court revoked Appellant's probation on the ground he failed to complete sex offender treatment. The court resentenced Appellant to a term of three to six years' imprisonment, to be followed by eight years' probation. Appellant appealed from this judgment of sentence, and this Court affirmed on November 15, 2015. **Commonwealth v. Molchany**, 72 EDA 2015 (unpub. memo.) (Pa. Super. 2015).

Following unsuccessful, serial PCRA petitions,[6] Appellant filed, on September 30, 2019, the underlying *pro se* motion for post-conviction DNA testing, along with a *pro se* "Motion to Vacate Judgment Pursuant to 42 Pa.C.S. § 6501 *et seq*."[7] Together, the two motions aver that: (1) in 2002, the victim accused Appellant of sexual assault **and** accused Appellant's then-fiancée of stalking, kidnapping, and assault; (2) "on the same day as" these allegations, the victim underwent a rape kit examination; and (3) it was ultimately "concluded that [the victim] had fabricated the allegations" against Appellant's fiancée, and as a result, the victim received two years' probation. Appellant's Motion to Vacate Judgment, 9/30/19, at 1 (unpaginated); Appellant's Motion for Post Conviction DNA Testing, 9/30/19, at 2-3 (unpaginated). The motions

---

[6] On January 21, 2009, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition, which was denied. On appeal, this Court affirmed on June 16, 2010. ***Commonwealth v. Molchany***, 2276 EDA 2009 (unpub. memo.) (Pa. Super. 2010).

Appellant filed two subsequent PCRA petitions, on October 10, 2016, and March 23, 2018, respectively; both were denied. He appealed from the December 9, 2016, order denying his second PCRA petition. That appeal, however, was dismissed on November 16, 2017, for Appellant's failure to file a brief. ***Commonwealth v. Molchany***, 198 EDA 2017 (order) (Pa. Super. Nov. 16, 2017). Finally, we note Appellant filed a writ of *habeas corpus* in the Pennsylvania Supreme Court on August 22, 2018, which was denied on November 29, 2018. ***Commonwealth v. Molchany***, 133 MM 2018 (order) (Pa. Oct. 31, 2018).

[7] Only the motion to vacate judgment was entered on the docket and time-stamped as "Filed." For citation purposes, we assign the same filing date to Appellant's motion for DNA testing.

further assert that in 2005, the victim accused Appellant of sexual assault, and on that same day, she underwent another rape kit examination. Appellant sought DNA testing of the evidence collected from the victim's alleged 2002 and 2005 medical examinations.[8] Finally, we note Appellant's motions claim his statement to police was coerced and that his request for counsel, during questioning, was denied.

The Commonwealth filed a response, reiterating that although Appellant committed the underlying offenses in 2000, the victim did not report them until 2006.[9] Commonwealth's Letter Response, 10/18/19, at 1 (unpaginated). The Commonwealth maintains its "evidence in this case was primarily the statement of the victim and [Appellant's] own confession," and denies that any rape kit examination was performed or that any physical or DNA evidence was ever collected. Commonwealth's Letter Response, 10/18/19, at 1. Furthermore, the Commonwealth argues Appellant's motion failed to allege, as required by 42 Pa.C.S. § 9543.1(c)(3)(i), any *prima facie* case that his

---

[8] Appellant's motion also requested the appointment of counsel. However, with respect to motions for DNA testing, "Section 9543.1 does not confer a right to counsel." **Williams**, 35 A.3d at 50.

[9] We note, however, that Appellant gave a statement to police on August 25, 2005. **See** N.T., 4/30/07, at 26. Furthermore, we note the Commonwealth characterized Appellant's motion for DNA testing as a "fourth PCRA petition." Commonwealth's Letter Response at 1. However, as stated above: "Though brought under the general rubric of the PCRA, motions for post-conviction DNA testing are 'clearly separate and distinct from claims brought pursuant to other sections of the PCRA.'" **See Williams**, 35 A.3d at 50 (citation omitted).

identity was at issue, and instead, the victim knew and positively identified Appellant. *Id.* at 2.

On October 24, 2019, the trial court issued the underlying order denying Appellant's motion for DNA testing. Appellant filed a timely *pro se* notice of appeal on November 18th. That same day, the court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days, or by Monday, December 9th.[10] Appellant filed a *pro se* statement, which was stamped by the court and entered on the docket on December 17th.

Preliminarily, we review the trial court's suggestion that Appellant's issues should be found waived for an untimely Rule 1925(b) filing. *See* Order, 12/18/19. Rule 1925(b)(3) provides, "[A]ny issue not properly included in the Statement **timely** filed and served pursuant to subdivision (b) shall be deemed waived." Pa.R.A.P. 1925(b)(3)(iv) (emphasis added).

As stated above, Appellant was directed to file a Rule 1925(b) statement by December 9, 2019. The handwritten date next to his signature, on the statement, is "12/10/2019," and the statement itself is time-stamped and entered on the docket as of December 17th. However, under the "prisoner

---

[10] The docket entry for the trial court's November 18, 2019, Rule 1925(b) order properly states the date and manner of service. *See* Pa.R.Crim.P. 114(C) (docket entries shall contain date of service of court order); *Commonwealth v. Hess*, 810 A.2d 1249, 1255 (Pa. 2002) (declining to find waiver for failure to file Rule 1925(b) statement where, *inter alia*, docket sheet did not indicate date or manner of service of trial court's Rule 1925(b) order, in contravention of Pa.R.Crim.P. 114).

mailbox rule," "a *pro se* prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox." ***Commonwealth v. Chambers***, 35 A.3d 34, 39 (Pa. Super. 2011) (citation omitted). The certified electronic record does not include an envelope or postage cancellation to allow independent review by this panel as to when, notwithstanding the signature line date, Appellant mailed the Rule 1925(b) statement. Finally, we note Appellant does not address, let alone dispute, the trial court's suggestion of waiver under Rule 1925(b). We could remand for Appellant to present evidence as to when he placed his Rule 1925(b) statement in the prison mailbox, and for the trial court to determine whether the statement was timely filed. ***See id.*** at 40. "In light of our disposition of [Appellant's] substantive argument, however, we conclude that it would be futile to do so. We turn to that issue now." ***See id.***

For ease of review, we first note the relevant standard of review and the pertinent provisions of Section 9543.1.

> Generally, "the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. . . .

***Williams***, 35 A.3d at 47 (citations omitted).

> When presented with a hybrid filing that comingles PCRA claims and a request for DNA testing, the standard set forth in Section 9543.1 requires the court to address the DNA request first and

foremost. A petitioner who is unable to obtain DNA testing under Section 9543.1 can still pursue an ineffective assistance of counsel claim under the PCRA for failure to request DNA testing of evidence at trial, but only if the PCRA petition is timely filed or otherwise meets one of the statutory exceptions to the timeliness requirements.

*Id.* at 50-51.

Subsections 9543.1(a) and (c) set forth the following relevant requirements of a motion for post-conviction DNA testing:

**(a) Motion. —**

\* \* \*

(2) . . . The evidence shall be available for testing as of the date of the motion. . . .

\* \* \*

**(c) Requirements.** — In any motion . . . under penalty of perjury, the applicant shall:

\* \* \*

(3) present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S. § 9543.1(a)(2), (c)(3)(i)-(ii)(A). Furthermore, we note: "When the words of a statute are clear and unambiguous, we may not go beyond the plain meaning of the language of the statute under the pretext of pursuing its

- 8 -

spirit." ***Commonwealth v. Schultz***, 116 A.3d 1116, 1120 (Pa. Super. 2015) (citation omitted). "[T]he term shall is mandatory for purposes of statutory construction when a statute is unambiguous[.]" ***Id.*** at 1121 (citation omitted).

Here, the trial court cited several grounds for denying Appellant's motion for DNA testing. First, it reasoned: "Appellant's conviction was based on conduct that occurred 5 years prior to the initiation of a police investigation," and "there was no physical evidence in this case, including no evidence of DNA, no evidence of [any] rape kit, and no biological material to compare any DNA evidence." Order, 10/24/19, at 1. The court also found Appellant failed to "allege that his identity was at issue in this matter when the victim was familiar with [him] and positively identified him as the perpetrator." ***Id.*** at 2. Finally, the court found Appellant "failed to present a *prima facie* case that there is a reasonable probability that forensic DNA testing would produce exculpatory evidence." ***Id.*** at 1-2 (footnote omitted).

On appeal, Appellant does not address any of the trial court's analysis. Instead, his argument consists of the following claims:[11] (1) "[t]he alleged

_____

[11] Appellant's *pro se* brief does not include a statement of questions presented nor any legal authority in his argument section. We could find waiver of his issues on these bases. ***See*** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."), 2119(a) ("The argument . . . shall have . . . such discussion and citation of authorities as are deemed pertinent."); ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to

victim made her statements to police while being treated at the hospital for alleged rape[, and e]vidence receipts [of her clothing and the rape kit] were on file with the District Attorney's office;" (2) the prosecutor committed a ***Brady***[12] violation by omitting "the results of the medical exams and the collected DNA evidence," and thus violated Appellant's rights to due process, a fair trial, and confrontation of his accuser; (3) Appellant's counsel failed to call Detective Theresa Renko, who would have testified the victim's 2000 allegations "were determined to be fabricated," and thus the victim "received a suspended sentence and [was] placed on [2] years probation; (4) Appellant's confession "during the 12 hour questioning by" police was coerced and his right to counsel was denied; and (5) Appellant's "re-sentencing . . . for his failure to admit guilt during a therapy session or treatment program[ ] violated [his] due process rights," where he pleaded *nolo contendere*, under which he was not required to admit guilt. Appellant's Brief at 7-8 (some capitalization removed). No relief is due.

---

provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Nevertheless, because we can discern the gist of Appellant's arguments, we decline to find waiver.

[12] "To establish a ***Brady*** violation, appellant must demonstrate that evidence at issue 'was favorable to him, because it was either exculpatory or could have been used for impeachment; the prosecution either willfully or inadvertently suppressed the evidence; and prejudice ensued.'" ***Interest of R.D.***, 44 A.3d 657, 675 (Pa. Super. 2012) (citation omitted); ***see Brady v. Maryland***, 373 U.S. 83 (1963).

First, we agree with the trial court that Appellant has not shown his identity was at issue in this matter, as required by Subsection 9543.1(c)(3)(i). *See* 42 Pa.C.S. § 9543.1(c)(3)(i) (motion "shall" present a *prima facie* case that the identity of or participation in the crime by the perpetrator was at issue); *Schultz*, 116 A.3d at 1121; *Williams*, 35 A.3d at 47; Order, 10/24/19, at 2. As stated above, the victim was Appellant's niece and was in his care when the offenses were committed, and Appellant's motion for DNA testing raised no claim to the contrary.

We further agree with the trial court that Appellant's motion failed to establish a *prima facie* case that DNA testing would establish his actual innocence. *See* 42 Pa.C.S. § 9543.1(c)(3)(ii)(A); Order, 10/24/19, at 1. The motion merely presents a bald conclusion that the victim was untruthful, without discussion of what the DNA results would particularly show: "Post-Conviction DNA testing will establish my innocence [i]n the following way(s): It will prove once and for all that [the victim] fabricated the sexual assault allegations[.]" *See* Appellant's Motion for Post-Conviction DNA Testing at 3. Finally, to the extent Appellant challenges the trial court's finding that no DNA evidence was collected, his argument fails. While he claims the victim underwent rape kit examinations in 2002 and 2005, the offenses for which he was convicted were committed in 2000. Appellant fails to explain how any DNA evidence collected in 2002 and 2005 would relate to his offenses

committed in 2000. For the foregoing reasons, we conclude the trial court did not err in denying Appellant's motion or DNA testing.

We also deny relief on Appellant's remaining issues, relating to the prosecutor's alleged **Brady** violation, his statement to police, the victim's alleged prior bad acts, and his probation revocation sentence. These claims are subject to the standard PCRA rubric, and we conclude they are waived because they could have been raised in, respectively, a direct appeal from his original judgment of sentence or in the appeal from his VOP sentence. **See** 42 Pa.C.S. § 9543(a)(3) (petitioner must plead and prove by a preponderance of the evidence that allegation of error has not been waived), 9544(b) (issue is waived if the petitioner could have raised it but failed to do so on appeal); **Commonwealth v. Spotz**, 18 A.3d 244, 270 (Pa. 2011); **Williams**, 35 A.3d at 50-51.

Additionally, any claim of ineffective assistance of counsel — relating to the victim's alleged fabrication of the offenses — could be raised under the PCRA, but we conclude it is untimely under the PCRA's timeliness requirements. **See Williams**, 35 A.3d at 52 ("[N]o court has jurisdiction to hear an untimely PCRA petition."). Appellant's original sentence was imposed on January 28, 2008, and he did not take a direct appeal. Thus, his judgment of sentence became final 30 days thereafter, on February 27, 2008, when the time to file an appeal expired. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Appellant then had one year, or until February 27, 2009, to file a timely PCRA

petition. ***See*** 42 Pa.C.S. § 9545(b)(1). The underlying motions for DNA testing and to vacate the judgment of sentence were filed more than 10 years later, on September 30, 2019, and did not raise any of the exceptions to the PCRA's general one-year filing rule. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

For the foregoing reasons, we affirm the order of the trial court denying Appellant's motion for DNA testing.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/25/20