J-S48038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY ROOKER | : | |
| | : | |
| Appellant | : | No. 243 EDA 2020 |

Appeal from the PCRA Order Entered December 2, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0933461-1993

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    Filed: November 25, 2020

Stanley Rooker (Appellant) takes this counseled appeal from the order entered in the Philadelphia Court of Common Pleas denying his motion for DNA testing.[1] We first conclude counsel's failure to file a court-ordered Pa.R.A.P. 1925(b) statement was *per se* ineffectiveness, for which Appellant is entitled to immediate relief. Thus, we decline to find waiver, and instead consider the merits of Appellant's claims.[2] We affirm.

_____

[1] **See** 42 Pa.C.S. § 9543.1 ("Postconviction DNA testing").

[2] As we discuss **infra**, the trial court issued an opinion that addresses the issues raised on appeal; thus, we decline to remand for counsel to file a Rule 1925(b) statement and the court to file a responsive opinion.

Appellant was found guilty by a jury of murder of the first degree,[3] possessing instruments of crime, and two counts of robbery.[4] He was sentenced to an aggregate term of life imprisonment on July 27, 1994. Trial Ct. Op., 2/3/20, at 2 (unpaginated).

Twenty-four years later, on July 31, 2018, Appellant filed the underlying *pro se* "Motion for Forensic DNA Testing of Evidence,"[5] seeking "DNA testing

---

[3] 18 Pa.C.S. § 2502(a).

[4] 18 Pa.C.S. §§ 907(a), 3701(a).

[5] This motion was entered on the trial docket as a "Post Conviction Relief Act Petition." Trial Docket at 1. However, as the trial court properly notes, a post-conviction motion for DNA testing is to be reviewed under 42 Pa.C.S. § 9543.1, rather than the other statutory provisions of the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. This Court has explained:

> An application for DNA testing should be made in a motion, **not** in a PCRA petition. Though brought under the general rubric of the PCRA, motions for post-conviction DNA testing are "clearly separate and distinct from claims brought pursuant to other sections of the PCRA." This Court has consistently held the one-year jurisdictional time bar of the PCRA does not apply to motions for DNA testing under Section 9543.1. Another distinction of motions for DNA testing is that Section 9543.1 does not confer a right to counsel.

> Importantly, a motion for post-conviction DNA testing does not constitute a direct exception to the one year time limit for filing a PCRA petition. Instead, it gives a convicted person a vehicle "to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2)."

**Commonwealth v. Williams**, 35 A.3d 44, 50 (Pa. Super. 2011) (citations omitted).

of items and clothing from the crime scene collected by the" police. Appellant's Motion for Forensic DNA Testing of Evidence, 7/31/18, at 1. On March 12, 2019, Appellant filed, *pro se*, a "nearly identical" motion. Trial Ct. Op. at 2. The trial court issued an order on April 3, 2019, denying the motion. Appellant did not initially appeal, but on May 23, 2019, filed a *pro se* PCRA petition alleging he did not timely receive the court's dismissal order. Present counsel, Douglas Dolfman, Esquire (Counsel), entered his appearance on Appellant's behalf on September 30, 2019. On December 2, 2019, the court reinstated Appellant's right to file a notice of appeal *nunc pro tunc*.

On December 5, 2019, Appellant filed a timely counseled notice of appeal. On December 19th, the court directed Appellant to file, within 21 days, a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. This order advised: "Failure to comply with this Order will be deemed a waiver of all issues." Order, 12/19/19. However, no Rule 1925(b) statement appears in the record nor on the trial docket.

The trial court issued an opinion on February 2, 2020, first suggesting Appellant has waived his appellate issues for failure to comply with the Rule 1925(b) order. Trial Ct. Op. at 3-4. The court, however, also sets forth its reasons for denying the motion for DNA testing — the petition failed to: (1) present a *prima facie* case of actual innocence; and (2) state Appellant's consent to be tested and acknowledge that any data obtained from DNA

testing may be entered in law enforcement databases and used to investigate other crimes, in contravention of Subsection 9543.1(c)(1). *Id.* at 4-5.

We first consider the trial court's suggestion of waiver under Rule 1925. This Court has stated:

> We are mindful that, in **Commonwealth v. Lord**, . . . 719 A.2d 306, 309 ([Pa.] 1998), our Supreme Court held that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Rule 1925(b), any issues not raised in that statement are waived. In **Commonwealth v. Butler**, . . . 812 A.2d 631 ([Pa.] 2002), the Court further expanded on the **Lord** holding, stating that waiver automatically applies when a Rule 1925(b) statement is not filed or if an issue is not included in the Rule 1925(b) statement, even when the question of waiver has not been raised by the other party, and even when the trial court has chosen to overlook the failure by addressing the issues it assumed would be raised.
>
> However, our Supreme Court recently amended Rule 1925 and added a procedure for appellate courts to rectify a criminal appellant's failure to file a Rule 1925(b) statement[:]
>
>             \*     \*     \*
>
> > (3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.
>
> Pa.R.A.P. 1925(c)(3). . . .

**Commonwealth v. Scott**, 952 A.2d 1190, 1191-92 (Pa. Super. 2008) (paragraph break added).

Appellant's brief does not address Counsel's failure to file a court-ordered Rule 1925(b) statement. Under **Lord** and **Butler**, we would conclude

- 4 -

all of Appellant's issues are accordingly waived. *See Scott*, 952 A.2d at 1191. However, pursuant to amended Rule 1925(c)(3), we determine Counsel's failure to comply with the Rule 1925(b) order is *per se* ineffectiveness, for which Appellant is entitled to immediate relief. *See id.*; *see also Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007) ("[T]he failure to file a requested . . . 1925(b) statement . . . is the functional equivalent of having no counsel at all[ and such] deprivation **requires** a finding of prejudice.").

We could remand for Counsel to file a Rule 1925(b) statement and the trial court to prepare an opinion. *See* Pa.R.A.P. 1925(c)(3). However, the trial court **has** filed an opinion that addresses the issues presented in Appellant's brief.[6] Accordingly, we decline to remand, and instead will proceed to consider Appellant's claims on appeal. *See Commonwealth v. Boniella*,

---

[6] Appellant's brief identifies his appellate claims, immediately after acknowledging the trial court's Rule 1925(b) order, as follows:

> On December 19, 2019, [the trial c]ourt ordered Appellant to file a Concise Statement of Matters pursuant to Pa.R.A.P. 1925(b). Appellant avers that (1) the trial judge erred as a matter of law by denying Appellant's Motion for DNA Testing due to his failure to include consent to provide bodily fluid for use in the DNA testing, (2) the trial judge erred in finding Appellant failed to present a prima facie case of "actual innocence" and (3) the trial judge failed to consider §9542.1 liberally in favor of Appellant.

Appellant's Brief at 8-9.

158 A.3d 162, 164 (Pa. Super. 2017) ("[W]here the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits.") (citation omitted).[7]

Appellant's statement of questions involved raises one claim:

Did the trial court err in their denial of Appellants' motion for DNA testing?

Appellant's Brief at 7. His argument section is divided into three sections.[8] First, Appellant avers the trial court erred in finding his motion for DNA testing failed "to explicitly state consent to provide bodily fluids for DNA testing," as required by Subsection 9543.1(c)(1)(ii). *Id.* at 11. In support, Appellant reasons the court failed to consider Subsection 9543.1(g)(1), which provides "[t]he filing of the motion shall constitute the applicant's consent to provide

_____

[7] Although **Boniella** addressed counsel's **untimely** filing of a Rule 1925(b) statement, **Boniella** also noted that both an untimely filing and the failure to file any Rule 1925(b) statement constitute *per se* ineffectiveness. **See Boniella**, 158 A.3d at 164. **See also Commonwealth v. Rosado**, 150 A.3d 425, 433 (Pa. 2016) ("[E]rrors which completely foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel *per se*, whereas those which only partially foreclose such review are subject to the ordinary **Strickland**/**Pierce** framework [for an ineffective assistance of counsel claim.]"). Accordingly, we apply the disposition in **Boniella** to the instant appeal.

[8] Appellant's entire argument section spans two pages. Appellant's Brief at 11-12. Each of the discussions under his three headings consists, in sum, of three sentences. We remind Counsel: "The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Pa.R.A.P. 2119(a), (b), (c)." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (one citation omitted).

samples of bodily fluid for . . . DNA testing." ***Id.*** Next, Appellant asserts the court erred in finding he failed to present a *prima facie* case of "actual innocence," where instead the "liberal" "threshold question is . . . not the likelihood of proof of innocence, but whether it is within the realm of reason that some result(s) could prove innocence." ***Id.***, *quoting* ***In Re Payne***, 129 A.3d 546 (Pa. Super. 2015) (*en banc*). Appellant then avers, in sum, "it is within the realm of reason that the facts presented by Appellant in his motion (namely, the existence of eye witness testimony which would be contradicted by DNA evidence) could prove his innocence." Appellant's Brief at 11-12. Finally, Appellant alleges the trial court failed to liberally consider his *pro se* motion, and instead improperly "elevated form over substance . . . against the purpose of . . . post-conviction DNA testing." ***Id.*** at 12. No relief is due.

We note the relevant standard of review:

Generally, "the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. . . .

***Williams***, 35 A.3d at 47 (citations omitted).

Subsections 9543.1(a) and (c) sets forth the requirements of a motion for post-conviction DNA testing, in pertinent part:

**(a) Motion. —**

\*     \*     \*

- 7 -

(6) The motion shall explain how, after review of the record of the applicant's trial, there is a reasonable possibility if the applicant is under State supervision . . . that the testing would produce exculpatory evidence that would establish:

(i) the applicant's actual innocence of the offense for which the applicant was convicted;

\* \* \*

**(c) Requirements.** — In any motion . . . under penalty of perjury, the applicant shall:

(1)

(i) specify the evidence to be tested;

(ii) state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and

(iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.

(2)

(i) in a sworn statement subject to the penalties under 18 Pa.C.S. §§ 4902 (relating to perjury) and 4903 (relating to false swearing), assert the applicant's actual innocence of the offense for which the applicant was convicted and that the applicant seeks DNA testing for the purpose of demonstrating the applicant's actual innocence; and

\* \* \*

(3) present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted . . . .

42 Pa.C.S. § 9543.1(a)(6)(i), (c)(1)-(3). With respect to the requirements of Subsection(a), Subsection (g) provides:

**(g) Effect of motion.** — The filing of a motion for forensic DNA testing pursuant to subsection (a) shall have the following effect:

(1) The filing of the motion shall constitute the applicant's consent to provide samples of bodily fluid for use in the DNA testing. . . .

42 Pa.C.S. § 9543.1(g)(1).

Furthermore, we note: "When the words of a statute are clear and unambiguous, we may not go beyond the plain meaning of the language of the statute under the pretext of pursuing its spirit." ***Commonwealth v. Schultz***, 116 A.3d 1116, 1120 (Pa. Super. 2015) (citations omitted). "[T]he term shall is mandatory for purposes of statutory construction when a statute is unambiguous[.]" ***Id.*** at 1121 (citation omitted).

Here, Appellant's second *pro se* motion for DNA testing cited "items and clothing from the crime scene:"

(1) victim's clothing, (2) victim's car, (3) [Appellant's] blood, (4) [Appellant's] clothing (5) finger print, (6) skin cells, (7) fibers, (8) samples [sic], (9) ballistic [sic], (10) gun powder, (11) female clothing that was in the car with victim during the murder and (12) blood test and finger print of the Commonwealth's witnesses that testified.

Appellant's Motion for Forensic DNA Testing of Evidence, 3/12/19, at 1

(unpaginated). Immediately thereafter, the motion avers:

> The Commonwealth's witnesses are the real killers that set-up [Appellant] for another individual that shot the deceased. It is imperative that DNA testing be conducted of the Commonwealth's witnesses regarding the crime scene. [Appellant has] the same situation in Commonwealth v. Anthony Wright's case.[9]

*Id.* at 1. Neither motion provides any particular explanation of what DNA

testing would show. Instead, the motion merely contends that on November

12, 2002, and March 4, 2014, Appellant requested the District Attorney's

Office PCRA Unit Chief Supervisor to preserve the evidence collected from the

crime scene for DNA testing, but the Chief Supervisor did not respond. *Id.* at

3. The motion reasons:

> If for some reason [the] Chief Supervisor . . . and the Philadelphia Police Department Property Officer refuse or destroyed any evidence without notifying [Appellant]. Which is to ascertain whether he would like to perform any testify [sic] of the victim's clothing or other items requested within this motion for Forensic DNA testing. It is evident that [Appellant] will have an issue of "spoliation of evidence." Which he will suffered [sic] an irreparable injury to support his actual innocence to establish a prima facie case. Which is to demonstrate that Forensic DNA testing of the evidence assuming exculpatory results would establish his actual innocence will be seeking for new trial.

---

[9] While Appellant provided no citation for any criminal case involving Anthony Wright, it appears he is referring to ***Commonwealth v. Wright***, 14 A.3d 798 (Pa. 2011). In that case, as Appellant discusses in his motion, the Pennsylvania Supreme Court held that with respect to Section 9543.1's requirement for a showing of actual innocence, "a confession, even if previously and finally adjudicated as voluntary, does not constitute a *per se* bar to establishing a *prima facie* case [of actual innocence], and the convicted person may, therefore, obtain DNA testing under Section 9543.1 if he or she meets all of this statute's pertinent requirements." *Id.* at 800.

*Id.* at 3-4.

Here, we agree with Appellant that while Subsection 9543.1(c)(1)(ii) states that a motion "shall" "state that the applicant consents to provide samples of bodily fluid for use in the DNA testing," Subsection (g)(1) provides, "[t]he filing of the motion shall constitute the applicant's consent to provide samples of bodily fluid for use in the DNA testing." ***See*** 42 Pa.C.S. § 9543.1(c)(1)(ii), (g)(1); Appellant's Brief at 11.

However, we agree with the trial court that Appellant's *pro se* motions failed to "acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases." ***See*** 42 Pa.C.S. § 9543.1(c)(1)(iii); Trial Ct. Op. at 4. Appellant contends the trial court "elevated form over substance," and instead should have reviewed his *pro se* motion "liberally." Appellant's Brief at 12. However, the plain language of Section 9543.1(c) is clear and the term "shall" is mandatory. ***See*** 42 Pa.C.S. § 9543.1(c)(1)(iii); ***Schultz***, 116 A.3d at 1121. On this basis alone we may affirm the order denying the motion.

Furthermore, we agree with the trial court that Appellant's motion failed to satisfy "the threshold requirement[ ]" of showing how DNA testing would establish his actual innocence. ***See*** 42 Pa.C.S. § 9543.1(a)(6)(i); Trial Ct. Op. at 4-5. This Court has reasoned:

Section 9543.1 frequently incorporates, yet fails to define, the term "actual innocence." In [***Commonwealth v. Conway***, 14 A.3d 101 (Pa. Super. 2011),] this Court applied a definition of 'actual innocence' taken from "the United States Supreme Court in its Opinion in ***Schlup v. Delo***, 513 U.S. 298, 327, . . . (1995), namely, that the newly discovered [DNA] evidence must make it 'more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.'"

***In re Payne***, 129 A.3d at 556.

Appellant's motion vaguely alleges "[t]he Commonwealth's witnesses" "are the real killers" who framed him for shooting the victim. Appellant's Motion for Forensic DNA Testing, 3/12/19, at 1. The motion, however, fails to explain what exculpatory evidence would be produced by DNA testing, nor particularly how DNA testing of the evidence and the unnamed "Commonwealth's witnesses" would establish his actual innocence. ***See*** 42 Pa.C.S. § 9543.1(a)(6)(i). For the foregoing reasons, we affirm the order of the trial court denying Appellant's motion for DNA testing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/20

- 12 -